# SUPREME COURT.

THOMAS R. RUTHERFORD, assignee in bankruptcy of DAVID DENNIS, agt. JAMES HEWEY *et al.*

*Bankruptcy — Jurisdiction of supreme court in action by an assignee in bankruptcy to recover estate of bankrupt — Assignee in bankruptcy may maintain action for partition — Leave of bankruptcy court not necessary — Two years' limitation of bankruptcy act no application.*

This court has jurisdiction in all actions, legal or equitable, brought by an assignee in bankruptcy to recover the estate of the bankrupt, or to determine rights to property claimed by him as such assignee, or in any way affecting the same, and the jurisdiction conferred upon the Federal courts by section 1 of the bankrupt act was not exclusive. Nor does the subsequent amendment to that section passed June 22, 1874, affect the statute in this respect.

An assignee in bankruptcy may maintain an action for partition.

Leave of the bankruptcy court is not necessary before commencing the action.

The two years' limitation of the bankruptcy act has no application to such a case as this. The suit is not to recover property in dispute or to which there is any adverse claim, but it is brought for the purpose of getting it into a situation where it will bring the largest sum to the estate.

Nor does the discharge of the bankrupt restore to him this property.

*Steuben Equity Term, March,* 1880.

ON the 30th day of June, 1874, David Dennis, together with his three brothers, were the owners in fee of a farm situate in Steuben county, described in the complaint, each being the owner of an undivided fourth part thereof. On that day a proceeding in bankruptcy was commenced against David Dennis by his creditors, and on the 21st day of July, 1874, he was duly adjudged a bankrupt thereunder, and in the following September the plaintiff was duly chosen his assignee in bankruptcy and the usual assignment under the bankrupt act was made by the register acting in the matter to

the plaintiff. The bankrupt's interest in the land was set out in his schedules, which was the only real or personal property owned by the bankrupt at the commencement of the bankruptcy proceedings. On the 9th day of March, 1875, the bankrupt was duly discharged from all his debts by a discharge in the usual form granted to him in the bankruptcy proceeding. No debts were ever proven against the estate of the bankrupt, and the proceeding was never finished or the assignee discharged. Up to the 3d day of April, 1879, the bankrupt with his brothers continued to occupy the land and to use it as their own, the assignee making no claim to it nor to the rents or profits. On that day the bankrupt with his brothers executed a deed of the premises to the defendant, Hewey. The plaintiff did not join in or consent to the conveyance, and in May, 1879, this action was commenced by the plaintiff as such assignee for partition and division of said lands, the plaintiff claiming to be the owner of the share formerly belonging to David Dennis, as such assignee, and as assets of the estate in bankruptcy. The action was the ordinary action for partition. The answer of the defendant set up the discharge of the bankrupt from all his debts, and that more than two years had elapsed since the cause of action accrued to the assignee, and that an assignee in bankruptcy could not maintain an action for partition.

*J. F. Parkhurst*, for plaintiff.

I. Leave of the bankruptcy court was not necessary before commencing this action. To this point I have only to remark that by section 5044 the title to all the real and personal property of the bankrupt is, by the assignment, vested in and conveyed to the assignee; and the same statute which provides that the assignee may sell and dispose of the property also has this provision: "The assignee shall have the like remedy to recover all the estate, debts and effects in his own name as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment made," &c.

Rutherford agt. Hewey *et al.*

(*Sec.* 5047). It has never before been claimed in this state that any such leave of the court was necessary. It seems a novel proposition to maintain in a state court that its "jurisdiction" to entertain such an action depends upon the permission or direction of the Federal courts.

II. An assignee in bankruptcy may maintain an action for partition. The assignee gets this right because he becomes by the transfer to him the absolute owner of the property for the purposes of the trust, and is, by the act, given "the like remedy to recover all the estate, debts and effects in his own name, as the debtor might have done if the decree in bankruptcy had not been rendered and no assignment made" (*Sec.* 5047). The assignee has even greater rights than the bankrupt would have had as to the bringing of actions, for he may bring actions to set aside transfers by the debtor in fraud of his creditors. The objection suggested in *Dubois* agt. *Cassiday* (75 *N. Y.*, 299) that a receiver in supplementary proceedings cannot maintain an action for partition is founded upon a reason not applicable to the case at bar. Such a receiver is only authorized to take sufficient property of a debtor to satisfy the judgment under which he was appointed. He has not general title to the property unless a conveyance is made to him by the debtor under the order of the court; and even then his office would terminate upon satisfaction of the judgment under which he acts. This distinction is pointed out in *Bostwick* agt. *Menck et al.* (40 *N. Y.* [1 *Hand*], 383). See, also, *Scott* agt. *Elmore* (10 *Hun*, 58); *Chautauque County Bank* agt. *Risley* (10 *N. Y.*, 370). Such a receiver cannot maintain an action to set aside a general assignment by the judgment debtor as fraudulent against creditors for the reason above stated (*Bostwick* agt. *Menck, supra*). But an assignee in bankruptcy may maintain such an action because he has a general title (*Chemung Co. Canal Bank* agt. *Judson*, 8 *N. Y.*, 258). An assignee in bankruptcy may even maintain an action to remove a cloud upon his title (*Beers* agt. *Place*, 36 *Conn.*, 578), or to vacate a transfer of property,

although he is in possession of it (11 *N. B. R.*, 121); and an assignee under a general assignment for the benefit of creditors may maintain an action for partition (*Van Arsdale* agt. *Drake*, 2 *Barb.*, 600). This is direct authority for the case at bar and is cited as authority by our own general term in the case of *Gallie* agt. *Eagle* (65 *Barb.*; 587). The necessity for such a power is apparent in the case at bar. The land will sell for nothing unless the assignee's right to it is determined. No purchaser of real estate would buy an undivided share of such a farm, especially when the assignee's right to sell was disputed and the purchaser would know he was buying a law suit. As was stated by plaintiff's counsel on the trial, so far as the defendant is concerned, this is a friendly action simply to determine whether defendant shall pay the purchase-price to the assignee or to the bankrupt. A decision that the court will not entertain the action will leave the parties where they started and make both a sale and another partition suit necessary.

III. The two years' limitation of the bankruptcy act has no application to such a case as this. The adverse claim referred to in the bankruptcy act is not an adverse claim by or under the bankrupt (*Clark* agt. *Clark*, 17 *How.*, 315; *Pickett* agt. *McGarrick*, 14 *N. B. R.*, 236). But as decided by our court of appeals this section refers only to suits growing out of disputes in respect to property and rights of property of the bankrupt, and "to which adverse claims existed while in the hands of the bankrupt and before the assignment" (*Stephens* agt. *Hauser*, 39 *N. Y.*, 309, 310). And the United States supreme court at the October term, 1878, adopt the same construction (*Phelps, Assignee, &c.*, agt. *McDonald*, 19 *N. B. R.*, 192). No statute of limitations would, however, have any application to an action for partition. The assignee was, in contemplation of law, in possession of this property. The doweress died only six months before this action was commenced, and Hewey's title was made only the day before the commencement of the

Rutherford agt. Hewey *et al.*

action. The bankrupt has had no possession nor interest in the property since he conveyed this property for the benefit of creditors June 30, 1874, through his bankruptcy proceeding. Without a discontinuance of the bankruptcy proceedings he can never have title again to the property except through the assignee (*Diedrich* agt. *Allen,* 10 *Humph.,* 588; *Bumps'* *Bankruptcy* [*9th ed.*], *page* 553).

IV. The plaintiff should have the relief demanded in the complaint. This land belongs to the creditors of the bankrupt. The late bankruptcy act has been called many hard names and has been justly charged with many faults, but we think it was never before claimed, especially in a court of equity, that under this act a bankrupt may be discharged before distribution of his estate and then turn around and take from the assignee the entire estate which he has transferred to an assignee for the benefit of his creditors as a condition of receiving his discharge.

*Mr. A. P. Ferris* and *Mr. Kingsley,* for defendants.

MACOMBER, *J.* — The case of *Cook* agt. *Whipple* (55 *N. Y.,* 150) decided that this court has jurisdiction in all actions, legal or equitable, brought by an assignee in bankruptcy to recover the estate of the bankrupt, or to determine rights to property claimed by him as such assignee, or in any way affecting the same, and that the jurisdiction conferred upon the Federal courts by section 1 of the bankrupt act was not exclusive. Nor does the subsequent amendment of that section, passed June 22, 1874, affect the statute so as to impair the authority of that decision. The amendment consists only in adding the following clause to the section:

" *Provided,* that the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands, shall, when such debt does not exceed five hundred dollars, be collected in the courts of the state where such bankrupt

resides, having jurisdiction of claims of such nature and amount."

No direction was given by the district court that this action should be brought in the state court, nor was such direction necessary. The amendment in no respect made the jurisdiction of the Federal courts exclusive, when it was not exclusive when the decision of *Cook* agt. *Whipple* was rendered. It simply conferred upon those courts the power which they did not possess before its passage of directing, of their own motion, that certain actions be prosecuted in the state courts. The supreme court of this state possesses general jurisdiction by the Constitution and the laws of all cases in law and in equity.

In what manner or in what place a party acquires the legal rights which he proposes to enforce is quite immaterial so long as the jurisdiction of the court has not been denied, as it may be in a limited class of cases where the Federal Constitution and the Federal laws have made the jurisdiction of United States courts paramount and exclusive. To hold that the proviso above quoted affected the jurisdiction of this court would make jurisdiction of a state court dependent upon the will of a judge of the Federal court.

The only other question which I deem of sufficient importance to advert to is whether an assignee in bankruptcy may be permitted to maintain an action for partition.

The appointment of the plaintiff as assignee of David Dennis, and the transfer to him, clothed him with the title to all of the property of the bankrupt. He became the absolute owner of the bankrupt's estate, both real and personal, for the purposes of his trust.

He became a tenant in common with the other part owners of the lands described in the complaint. It is true it was not necessary for him to bring this action for the purpose of having his share set off to him, for by the bankrupt act, he was empowered to sell his interest while it was undivided. He was already possessed of it as effectively as the bankrupt himself was possessed of it before the adjudication in bankruptcy

and the assignee's title was undisputed. Yet the court cannot properly say, as it seems to me, that the assignee was bound to proceed in that way. He may have believed, with reason, that a sale so made would not be so advantageous to his estate as an actual partition and a sale of the portion set off to him. In such case the assignee has, in my judgment, the right, and it is his duty, to bring a suit for a partition of the lands. Section 5047 declares that "the assignee shall have the like remedy to recover the estate, debts and effects in his own name, as the debtor might have done if the decree in bankruptcy had not been rendered and no assignment made."

In *Dubois* agt. *Cassidy* (75 *N. Y.*, 302) it was doubted whether a receiver appointed in proceedings supplementary to execution acquired such a title to real estate as to enable him to maintain an action of partition. But that suggestion rested upon the particular nature of the estate which such a receiver has. He is not clothed with the general title to the debtor's property unless a transfer has been made to him by the debtor either voluntarily or by an order of the court. But an assignee in bankruptcy stands to the estate of the bankrupt as does an assignee under a voluntary and general assignment for the benefit of creditors to the estate of the assignor. He becomes the absolute owner of the entire estate for the purpose of distributing the same to all of the creditors ratably. In *Van Arsdale* agt. *Drake* (2 *Barb.*, 600) it was held that an assignee under the state insolvent act could maintain an action for the partition of the debtor's real estate.

As to the point that the action is required to be brought within two years it is sufficient to say that the suit is not to recover property in dispute, or to which there is any adverse claim, but it is brought for the purpose of getting it into a situation where it will bring the largest sum to the estate.

A point is also made by the counsel for the defendants that the discharge of the bankrupt restored to him this property, but manifestly this position is wholly untenable.

I must conclude that the plaintiff is entitled to the relief

demanded in the complaint, with costs chargeable upon the property or upon the fund in case a partition cannot be had and a sale is directed.