## PATTISON v. WERT ET AL.

[No. 18,941. , Filed November 16, 1899.]

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Husband's Real Estate.—Judicial Sales.— Conveyance by Husband Before Sale.*— The provision of §2669 Burns 1894 that "in all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife" does not apply to lands conveyed by the husband prior to the judicial sale. *p. 456.*

SAME.—*Inchoate Interest of Wife in Husband's Real Estate.—Tax Sale.—Conveyance by Husband Before Sale.*—The owner of real estate sold and conveyed the same, his wife not joining therein, and the deed was never recorded. The land was sold for taxes thereafter accrued, and the purchaser at the tax sale quieted the title as against grantor. *Held*, that the legal title of the grantee vested in the purchaser at the tax sale, and not that of the grantor, and that the inchoate interest of grantor's wife would not vest until the death of her husband. *pp. 456, 457.*

JUDICIAL SALE.—*Tax Liens.—Inchoate Interest of Wife in Husband's Real Estate.*—Section 2669 Burns 1894 making the wife's inchoate interest in her husband's real estate vest and become absolute when the latter is sold at judicial sale does not apply when the tax lien attached prior to the taking effect of said act. *pp. 457, 458.*

.From the Pulaski Circuit Court.   *Affirmed.*

*William Spangler* and *J. M. Spangler*, for appellant.

*John C. Nye*, for appellees.

MONKS J.—This action was commenced by Lyle E. Ripley against appellees for partition of the eighty acres of real estate described in the complaint. It was alleged in the complaint that said Ripley was the owner of the undivided one-third of said real estate, and appellees were the owners of the undivided two-thirds thereof. After the action had been pending in the trial court about four years, said Ripley executed a deed for said real estate to appellant, who was, on February 9, 1897, the next day after he received said

deed, substituted as plaintiff in said action. There was a special finding of facts, and a conclusion of law stated thereon in favor of appellees, to which appellant excepted, and judgment thereon against appellant.

The correctness of the conclusion of law is assailed by the assignment of errors.

The special finding, so far as necessary to the determination of the question presented, is substantially as follows: The land in controversy was conveyed by the United States to the State of Indiana, and by the State of Indiana conveyed to John A. Burbank, in 1855, who, on February 12, 1857, conveyed the same to Andress S. Wiggins by warranty deed, which was recorded on October 9, 1857, in the proper deed record. Andress Wiggins, at some time between 1857 and 1860, conveyed said real estate by warranty deed to Aaron Brown, which deed was never recorded, and said real estate was never placed on the transfer books or tax duplicates in the name of said Aaron Brown, but remained on said records in the name of Andress S. Wiggins until May 22, 1880, when a tax deed was executed to William C. Barnett, which was afterwards duly recorded in the proper record on July 2, 1880. Said Barnett had purchased said real estate at a regular tax sale held in Pulaski county on February 6, 1863, for the delinquent taxes for the years 1861 and 1862, and on said day a certificate of said sale was issued to him, and said tax deed aforesaid was based upon said sale. Said William C. Barnett died testate on March 17, 1881, and left surviving him as his sole legatee his wife, Harriett Barnett, and the will of said Barnett was duly probated in said Pulaski county on March 21, 1881. Afterwards Harriett Barnett brought an action in the Pulaski Circuit Court against Andrew S. Wiggins and Andress S. Wiggins to quiet her title to said real estate, and gave said Wiggins and Wiggins notice thereof by publication. At the September term 1883 of said court, said court found that said Harriett Barnett had a lien on said real estate for $266,

for the amount paid by William C. Barnett at said tax sale, and subsequent taxes paid and the interest thereon, and foreclosed said lien, and ordered that, unless the same was paid within thirty days, the land be sold by the sheriff to pay said sum, interest and cost, and, upon receipt of the purchase money, that the sheriff execute a deed to the purchaser for said land. Said real estate was sold by the sheriff on said decree to Mrs. Barnett for $317.17 on January 26, 1884, and a deed executed by him to her for said real estate, which was duly recorded March 1, 1884. On August 25, 1884, Mrs. Barnett conveyed said real estate to John R. Wert by warranty deed, which deed was duly recorded on the same day. Said Wert took possession of said real estate on said August 25, 1884, and remained in possession thereof until he died intestate, leaving appellees as his only heirs at law. From the time of the execution of the tax deed to Barnett until the commencement of the action said real estate has stood upon the duplicate and been assessed in the name of William C. Barnett, and those claiming under him and his wife, and the taxes have been paid by said Barnett and those claiming under him. Andress S. Wiggins and Rebecca C. Wiggins were married in 1837, and have been husband and wife ever since, and were living at the time of the trial. On April 8, 1895, said Wiggins and wife executed a quitclaim deed for said real estate to Lyle E. Ripley, which was duly recorded April 23, 1895. The only consideration paid for the conveyance last named was the expense of drawing and acknowledging the same, and the expense incurred by said Wiggins and wife in going from their residence in Hagerstown while said deed was drawn and acknowledged. On February 8, 1897, said Lyle E. Ripley executed a quitclaim deed for said real estate to appellant, who purchased the same without any knowledge of appellees' claim to said real estate, or any part thereof at the time of said purchase, and he paid $125 for said lands.

Appellant claims one-third of said real estate, and the right to partition through Mrs. Wiggins, the wife of Andress S. Wiggins, on the ground that when the sheriff's deed was made to Mrs. Barnett on January 26, 1884, her inchoate interest in said land became vested, and she was entitled to the possession of the undivided one-third thereof, under the act of 1875 (Acts 1875, p. 178), being §2669 Burns 1894, §2508 Horner 1897.

It is provided in said §2669 (2508) *supra*, that "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute on the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition."

To entitle the wife to the benefit of said section, the title vested in the purchaser at the judicial sale must be the title of the husband. *Elliott* v. *Cale*, 113 Ind. 383, 387-395. It will be observed, however, that Andress S. Wiggins, the husband of Mrs. Wiggins, sold and conveyed the eighty acres of real estate described in the complaint to one Aaron Brown, between 1857 and 1860, and that he was not the owner thereof when the taxes for the payment of which the land was sold became a lien thereon, nor at the time the same was sold at sheriff sale and conveyed to Mrs. Barnett in 1884. The taxes therefore for which the land was sold were not an indebtedness of said Wiggins but of said Brown,

were not a lien on the land of Wiggins but on the land of
Brown. It was not, therefore, the legal title of said Wiggins that became vested in Mrs. Barnett when she received
the sheriff's deed in 1884, but the legal title of Aaron
Brown. The fact that §6496 R. S. 1881, provides that, in
actions like the one brought by Mrs. Barnett to quiet her
title to said land, and for which she obtained a foreclosure of
the tax lien, "No outstanding unrecorded deed, mortgage,
or claim shall be of any effect as against the title or right of
the complainant as fixed and declared by the decree made in
such a cause," did not affect the legal title to the land nor
in any way vest the same in Wiggins. Under said section
Mrs. Barnett's title was the same as if she had made said
Brown a party defendant to her action to foreclose the tax
lien and under which she claimed title to said real estate. It
is clear, therefore, that Mrs. Wiggins' inchoate interest,
considered with reference to the deed to Brown if she did
not join in the execution thereof would not vest until the
death of her husband. §2652 Burns 1894, §2491 Horner
1897.

It was held by this court, in *Elliott* v. *Cale*, 113 Ind. 383,
pp. 396-398, and in *Buser* v. *Shepard*, 107 Ind. 417, where
mechanics' liens and sewer assessments attached prior to the
taking effect of said §2669 (2508) *supra*, that a sale on a decree foreclosing said liens rendered after said sections took
effect, vested in the purchaser the entire title to the lands
upon which the liens attached, and that no interest or title
vested or became absolute in the wife under said act. Mechanics' liens and the lien of a sewer assessment are given
by statute the same as the lien of taxes.

The lien of the taxes for which the real estate in controversy was sold at tax sale to Mrs. Barnett attached before
the act of 1875, being §2669 (2508), *supra*, took effect, and
as the title of appellee is derived from a foreclosure of said
tax lien, and a puchase by Mrs. Barnett thereunder, it would
seem, upon the authority of these cases, that no title in said

land vested in Mrs. Wiggins under said section by virtue of
the title vesting in Mrs. Barnett, the purchaser at said judi-
cial sale, even if Mr. Wiggins had never parted with his title
to said land. It is not necessary, therefore, to decide
whether or not appellant was under the facts found a good
faith purchaser under §§3345-3350 Burns 1894, §§2926-
2931 R. S. 1881 and Horner 1897.

Finding no available error in the record, the judgment is
affirmed.