HARLIN, GUARDIAN, *v.* AMERICAN TRUST COMPANY,
TRUSTEE.

[No. 9402.   Filed March 20, 1918.]

1. BANKRUPTCY.—*Federal Bankruptcy Act.—Administration.—En-
forcement of State Laws.*—The Bankruptcy Act, July 1, 1898,
ch. 541, 30 Stat. at. L. 544, recognizes, and the federal courts in

214     APPELLATE COURT OF INDIANA,

Harlin, Gdn., v. American Trust Co., Trustee—67 Ind. App. 213.

the administration of it enforce the laws of the states affecting dower, exemptions, the validity of mortgages and priorities of payment. p. 218.

2. BANKRUPTCY.—*Adjudication.—Effect on Wife's Interest in Lands—Right to Partition.*—Although during the life of the husband the wife's interest in his lands given her by §§3014, 3029 Burns 1914, §§2483, 2491 R. S. 1881, is inchoate and does not entitle her to assert title, under §3052 Burns 1914, §2508 R. S. 1881, such interest, on judicial sale of her husband's land, becomes absolute when not directed by the judgment to be sold or barred by such sale, and entitles her to partition as soon as his title is transferred by an adjudication to the trustee of the husband's estate in bankruptcy, and before the trustee has made a sale. p. 218.

3. BANKRUPTCY.—*Bankrupt's Estate.—Title and Possession of Trustee.*—Under the Bankruptcy Act, July 1, 1898; §70, §9654 Comp. St. 1916, vesting a trustee in bankruptcy with the title of the bankrupt, and §21 of the act, §9065 Comp. St. 1916, making a certified copy of the order approving the trustee's bond conclusive evidence of the vesting in him of the bankrupt's title, the trustee takes an absolute title carrying with it the right of possession. p. 221.

4. BANKRUPTCY.—*Bankrupt's Lands.—Trustee's Right to Partition.*—Under §1243 Burns 1914, §1186 R. S. 1881, providing that any person holding lands as joint tenant, or tenant in common, whether in his own right or as executor or trustee, may compel partition thereof, a trustee in bankruptcy, who takes an absolute title to the bankrupt's estate, can maintain an action for partition against the bankrupt's wife, who has acquired an absolute interest in his lands on the adjudication of bankruptcy. p. 222.

5. PARTITION.—*Action for.—Pleading.—Complaint.—Surplusage.*—A plaintiff who has an absolute right to partition is entitled to sue without giving the reasons why, and all averments of the complaint which are explanatory of his desire for partition are, therefore, surplusage. p. 222.

6. BANKRUPTCY.—*Partition of Bankrupt's Lands.—Jurisdiction of State Courts.*—An action by a trustee in bankruptcy seeking partition against a bankrupt's wife is a controversy arising out of the settlement of the estate of a bankrupt, as distinguished from a proceeding in bankruptcy proper, so that the state courts, and not the district federal court, have jurisdiction for the purpose of making the partition. p. 223.

7. BANKRUPTCY.—*Bankrupt's Land.—Partition.—Jurisdiction of Federal Court.*—A federal district court cannot authorize a trustee in bankruptcy to sell the wife's undivided interest in the

bankrupt's lands, and can, at the most, only order the sale of the bankrupt's undivided interest.  p. 223.

8.  BANKRUPTCY.—*Conflict of Jurisdiction.—State and Federal Courts.*—Where the jurisdiction of a state court is invoked in a proceeding which involves a matter pertaining to the settlement of a bankrupt's estate, it should cautiously and. in a spirit of judicial comity and courtesy inquire whether to act will result in a conflict of the courts, and, if it will not, the state court should then entertain the action and proceed to determine the controversy, but it will not be justified in arbitrarily refusing to act merely because a pleading bears on its face a suggestion of a possible conflict.  p. 223.

9.  BANKRUPTCY.—*Conflict of Jurisdiction.—State and Federal Courts.*—A conflict of .state and federal courts does not arise out of the fact that, prior to the filing in the state court of a complaint for partition by a trustee in bankruptcy. against the bankrupt's wife, the federal court had ordered the trustee to sell bankrupt's undivided interest, the trustee having decided that partition would be more advantageous to the creditors, and that he would not, therefore, pursue the order of sale made by the federal court.  p. 223.

10.  BANKRUPTCY.—*Bankrupt's Estate.—Partition Proceedings in State Court.—Validity.*—An action for partition of the bankrupt's lands instituted in the state court by the trustee in bankruptcy against the bankrupt's wife, wherein he asks to have the real estate sold, is not void, even though the federal court had previously ordered a sale of the bankrupt's undivided interest and the wife is fully protected in the benefits flowing to her from the partition proceedings.  p. 224.

11.  BANKRUPTCY.—*Complaint in Partition.—Sufficiency.—Permission to Sue.*—In an action in partition by a trustee in bankruptcy, the complaint need not aver that he had obtained permission from the federal court to bring the suit, since he derives his right to sue from the Bankruptcy Act, July 1, 1898, §23, §9607 Comp. Stat. 1916.  p. 224.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the American Trust Company, trustee in bankruptcy of the estate of Albert G. Harlin, against Wilbur A. Harlin, guardian of Emma W. Harlin, wife of the bankrupt. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John A. Hibberd, Alfred E. Martin* and *Stuart MacKibben,* for appellant.

*G. A. Farabaugh,* for appellee.

DAUSMAN, J.—This action was instituted by appellee against appellant for partition. The trial court made a special finding of facts, stated conclusions of law thereon, decreed partition, and appointed a commissioner to execute the decree. The assignment of errors challenges the overruling of the demurrer to the complaint and each conclusion of law. The following is the substance of the material averments of the amended complaint: On December 5, 1913, Albert G. Harlin was duly adjudged a bankrupt by the Federal District Court for the District of Indiana, and thereafter the American Trust Company was duly appointed trustee of said bankrupt's estate; that said trust company is now the duly qualified and acting trustee in bankruptcy of said estate; that one Emma W. Harlin is the wife of said bankrupt; that she has been duly adjudged a person of unsound mind, and that said Albert G. Harlin is her duly qualified and acting guardian; that at the time the said Albert G. Harlin was adjudged a bankrupt he was the owner in fee simple of the following described real estate, situated in St. Joseph county, State of Indiana, to wit: (description of property); that at the time the said Albert G. Harlin was adjudged a bankrupt the said Emma W. Harlin was his wife, and as such wife she was the owner, by virtue of the laws of said state, of an inchoate interest in the above described real estate; that by reason of the adjudication in bankruptcy and of the appointment and qualification of the American Trust Company as trustee as aforesaid the said trust company

became the owner of all the right, title and interest of said bankrupt in and to the said real estate; that by virtue of said proceedings in bankruptcy the title to said real estate, formerly held and owned by said bankrupt, vested in said trustee, to be held by it for the benefit of the creditors of said bankrupt in accordance with the bankruptcy law of the United States; and that by reason of said proceedings in bankruptcy the inchoate interest of said Emma W. Harlin in and to said real estate became absolute, and thereupon she became entitled to have her portion set off to her in severalty; that said trustee in bankruptcy and the said Emma W. Harlin are the owners, as tenants in common, of the said real estate; and that the said trustee is the owner of the undivided three-fourths, and the said Emma W. Harlin is the owner of the undivided one-fourth of said real estate; that in February, 1914, said trustee was ordered by said district court to sell said real estate subject to the interest of the said Emma W. Harlin; that thereupon it advertised for bids, and to the best of its ability endeavored to sell said real estate; that said trustee received several bids for said real estate equal to the market value thereof, but that each of said bids was for the whole of an individual piece or parcel of land and not for any undivided portion or interest therein; that thereupon said trustee endeavored to induce the prospective purchasers to buy the bankrupt's undivided interest in said real estate, but that said bidders refused to buy unless they could procure the entire and undivided title in fee simple; that said trustee reported these facts to said guardian and submitted said bids to him, but that he refused to take any steps to aid in the sale of said real estate by

offering for sale the interest of his said ward therein; that more than a year has elapsed and the trustee has been unable to dispose of its interest in said real estate solely by reason of the fact that no purchaser can be found who is willing to buy an undivided interest in said real estate; that partition of said real estate is necessary in order that the rights of the creditors of said bankrupt may be protected and the estate of said bankrupt closed, the assets thereof distributed, and the said bankrupt discharged; that the said real estate is not susceptible of partition by metes and bounds; that the premises will have to be sold and the proceeds divided according to the interests of the parties. Wherefore plaintiff prays that said parties be adjudged the owners of said real estate; that plaintiff have partition thereof; and that a commissioner be appointed, etc.

(1) The Bankruptcy Act recognizes, and the federal courts in the administration of it enforce, the laws of the states affecting dower, exemptions, the validity of mortgages, priorities of payment, and the like. This plan is not objectionable because it leads inevitably to diversity of results. *Stellwagen* v. *Clum* (1918), 245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. 507; *Hanover Nat. Bank* v. *Moyses* (1901), 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113.

Section 3029 Burns 1914, §2491 R. S. 1881, provides: "A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands

in which her husband had an equitable interest at the time of his death.''

Section 3014 Burns 1914, §2483 R. S. 1881 (designated in the foregoing section as ''section seventeen''), provides: ''That where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only, as against creditors.''

During the life of the husband the wife's interest in his lands, by virtue of said statutes, is inchoate— a mere expectancy or contingency. It does not enable her to assert title, and it gives her no right of possession or control. If she should die before her husband this inchoate interest is thereby extinguished. *Paulus* v. *Latta* (1884), 93 Ind. 34; *Thompson* v. *McCorkle* (1894), 136 Ind. 484, 499, 34 N. E. 813, 36 N. E. 211, 43 Am. St. 334. Nevertheless, by §3037 Burns 1914, §2499 R. S. 1881, this inchoate interest is protected and preserved for her as against judicial decree in proceedings to which she is not a party. Her said interest becomes consummate, matured, perfected, or absolute (1) upon the death of the husband (*Pattison* v. *Wert* [1899], 153 Ind. 453, 55 N. E. 227; *Fry* v. *Hare* [1905], 166 Ind. 415, 77 N. E. 803; *Ohio Farmers' Ins. Co.* v. *Bevis* [1897], 18 Ind. App. 17, 46 N. E. 928); and (2) on judicial sale, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale. (§3052 Burns 1914, §2508 R. S. 1881.) The Supreme Court of Indiana has held that a conveyance by a judge or register in bankruptcy of the real estate of a bankrupt to his assignee is a judicial sale within the meaning of this statute, and that thereupon the inchoate interest of the bankrupt's wife in said real

estate becomes absolute and entitles her to partition. *Roberts* v. *Shroyer* (1879), 68 Ind. 64; *Ketchum* v. *Schicketanz* (1880), 73 Ind. 137, 143; *McCracken* v. *Kuhn* (1880), 73 Ind. 149, 151; *Haggerty* v. *Byrne* (1881), 75 Ind. 499, 502; *Lawson* v. *DeBolt* (1881), 78 Ind. 563, 565; *Leary* v. *Shaffer* (1881), 79 Ind. 567, 570; *Straughan* v. *White* (1882), 88 Ind. 242, 246; *Mattill* v. *Baas* (1883), 89 Ind. 220, 222; *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458, 460; *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 634, 38 N. E. 42. These cases rest on the ground that: "The adjudication is the foundation of the title. The title relates to and rests upon the adjudication. The assignee takes as a purchaser through the court. The transfer of the title follows the judgment of the court, and the assignee's title is derived through, and rests upon, the judgment and proceedings of the court and nothing else." *Straughan* v. *White, supra,* 247. We see no reason why these decisions should not apply with full force and effect to the case at bar. We have discovered nothing in the Bankruptcy Act now in force which makes them inapplicable, and therefore they are controlling.

But counsel for appellant contend that the rule above stated is unsound and that it should be held that the wife's inchoate interest cannot become absolute until the trustee in bankruptcy has made a sale. Why should the guardian of the wife of the bankrupt make this contention? In the very nature of things, a rule of law which operates to convert a wife's inchoate interest (a mere expectancy) into an absolute estate at the earliest possible moment must be beneficial to her. Suppose the rule to be as counsel contend, and that there should be considerable delay in

making a sale, and that before the completion of the sale the wife should die, leaving her husband surviving, then her death would extinguish her inchoate interest, she would have derived no benefit from it in her lifetime, her heirs would inherit no interest in the real estate, and the bankrupt's creditors would take it all.

(2) Having determined that the wife of a bankrupt has the right of partition as against the trustee in bankrupty, by what process of reasoning 3. is it possible to reach the conclusion that the trustee does not have that right as against the wife? Section 70, Bankruptcy Act (§9654 Comp. Stat. 1916) provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors,   *   *   *   shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt   *   *   *" Section 21, Bankruptcy Act (§9605 Comp. Stat. 1916) provides: "A certified copy of the order approving the bond of a trustee shall constitute conclusive evidence of the vesting in him of the title to the property of the bankrupt, and if recorded shall impart the same notice that a deed from the bankrupt to the trustee if recorded would have imparted had not bankruptcy proceedings intervened."

The trustee in bankruptcy takes title as if by purchase. 5 Cyc 341. He takes an absolute title which, of course, carries with it the right of possession. *Boyd* v. *Olvey* (1882), 82 Ind. 294, 305; *Keck* v. *Noble* (1882), 86 Ind. 1, 3; *Acme Harvester Co.* v. *Beekman Lumber Co.* (1911), 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208.

Section 1243 Burns 1914, §1186 R. S. 1881, provides:

"That any person holding lands as joint tenant, or tenant in common, whether in his own right 4. or as executor or trustee, may compel partition thereof in the manner provided in this act."

Notwithstanding this statute, appellant has called our attention to *Hobbs* v. *Frazier* (1908), 56 Fla. 796, 47 South. 929, 20 L. R. A. (N. S.) 105, 131 Am. St. 179, 16 Ann. Cas. 558, and *Lindsay* v. *Runkle* (1910), 82 Ohio St. 325, 92 N. E. 489, 29 L. R. A. (N. S.) 659, 137 Am. St. 781, as sustaining the proposition that a trustee in bankruptcy cannot maintain an action for partition. The statutes on which these two cases severally rest differ materially from ours. §1941 Gen. Stat. Fla.; §9291 Laning's Rev. Stat. Ohio. For this reason alone, and without expressing any opinion as to other features of these cases, we must decline to follow them.

The general rule is that the right to partition is absolute. 30 Cyc 177. Certainly it is absolute under our statute. One who is entitled to have partition 5. tition may assert that right arbitrarily. To force partition of a given tract of land at a given time may be wise or unwise, may result in profit or loss to the owners; but these considerations are not to be regarded by the courts. In the case at bar the trial court could not determine whether partition would be advantageous or disadvantageous to the creditors represented by the trustee. He is entitled to have partition without giving the reasons why. Therefore, all the averments of the complaint which state his reasons for desiring partition are surplusage.

(3) The case at bar is "a controversy arising out of the settlement of the estate of a bankrupt" as dis-

tinguished from "a proceeding in bankruptcy proper." Therefore the state courts have jurisdiction. The district court did not have jurisdiction for the purpose of making partition of the real estate. *In re Eash* (1907), (D. C.) 157 Fed. 996; *Bardes* v. *Hawarden Bank* (1899), 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; *First Nat. Bank, etc.* v. *Chicago, etc., Trust Co.* (1904), 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; 1 Loveland, Bankruptcy (4th ed.) §25 *et seq.*; 3 R. C. L. 180, §20 *et seq.*; 7 C. J. 254 *et seq.*

The district court could not authorize the trustee to sell the wife's undivided interest. The most that court could do was to order the sale of the undivided interest of the bankrupt. 1 Loveland, Bankruptcy (4th ed.) §426. That order having been made by the district court, did the action of the state court create a conflict? Where the jurisdiction of a state court is invoked in a proceeding which involves a matter pertaining to the settlement of a bankrupt's estate, it should cautiously and in a spirit of judicial comity and courtesy inquire whether to act will result in a conflict of courts. If that question be answered in the negative, it should then entertain the action and proceed to determine the controversy. It will not be justified in arbitrarily refusing to act merely because a pleading bears on its face a suggestion of a possible conflict. In the case at bar there can be no conflict of courts unless it arise out of the fact that prior to the filing of the complaint for partition the district court had ordered the bankrupt's undivided interest to be sold by the trustee in bankruptcy. The partition proceeding resulted in the appointment of a

different person as commissioner to sell the en‑ tire tracts, including the identical interest which the trustee had been ordered to sell. The com‑ plaint shows that this result was anticipated and invited by the trustee. It was not forced upon him by the state court, but was done by his own procurement. He decided for himself that parti‑ tion would be advantageous to the creditors; that he would not pursue the order of the court of bankruptcy; and that he would invoke the jurisdic‑ tion of the state court as a matter of right under the state law. He voluntarily relinquished his right to sell under the order of the district court and elected to receive the proceeds derived from the sale to be made by the commissioner appointed by the state court; and the state courts need not concern them‑ selves about the result of his conduct as between him and the creditors whom he represents. Manifestly the only interest appellant can have in this feature of the case is to protect his ward against the expense of a futile proceeding. But the proceeding is not void and appellant's ward is fully protected in the benefits flowing to her from the partition proceedings. *Sharon* v. *Terry* (1888), (C. C.) 36 Fed. 337, 1 L. R. A. 572; notes to *Louisville Trust Co.* v. *City of Cincinnati* (1896), 22 C. C. A. 334; *Acme Harvester Co.* v. *Beekman Lumber Co.*, *supra;* 7 R. C. L. 1067 *et seq.*

It was not necessary, as counsel contend, that the complaint should contain an averment that the trus‑ tee in bankruptcy had obtained permission from the district court to bring suit for parti‑ tion. The trustee's right to sue is derived from the statute. §23, Bankruptcy Act; 2 Loveland,

Bankruptcy (4th ed.) 1040 *et seq.*; 3 R. C. L. 265 *et seq.*

The court did not err in overruling the demurrer to the complaint, and all questions raised by the exceptions to the conclusions of law are fully covered by what we have said concerning the ruling on the demurrer.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 20. Bankruptcy: right of trustee to maintain partition, 20 L. R. A. (N. S.) 105; 16 Ann. Cas. 560. See under (1) 7 C. J. 354; (2) 7 C. J. 116; (6) 7 C. J. 257; (7) 7 C. J. 254; (8, 9) 7 C. J. 259; (10) 7 C. J. 250.