(No. 14165.—Decree affirmed.)

EDWIN V. CHAMPION, Trustee in Bankruptcy, Appellee, *vs.* GEORGE A. SPURCK, Appellant.

*Opinion filed February 22, 1922—Rehearing denied April 6, 1922.*

1. BANKRUPTCY—*when trustee in bankruptcy may maintain bill for partition—conflict of laws.* The trustee of a bankrupt who was a tenant in common when the trustee was appointed may maintain a bill for partition, accounting and other incidental relief, where the bill shows the necessity for the proceeding, that the Federal district court has waived its right to order sale of the trustee's interest, and has, in substance, requested the circuit court to take jurisdiction to enable the trustee to realize the full value of the bankrupt's estate for the creditors.

2. SAME—*trustee takes complete ownership of all property not exempt.* Under section 70a of the Bankruptcy act of 1898 the trustee of an estate in bankruptcy, on his appointment and qualification, is vested by operation of law with the title to the bankrupt's property as of the date he was adjudicated a bankrupt, with actual or constructive possession, as a purchaser, for the purpose of distribution to creditors, except as to any property that is exempt.

3. WORDS AND PHRASES—*meaning of the word "purchase."* The word "purchase" means every mode of acquisition of estate known to the law, except that by which an heir, on his ancestor's death, becomes substituted to his place as owner by operation of law.

4. PARTITION—*complainant need not be entitled to possession to maintain suit.* To maintain a suit for partition it is not necessary that the complainant claiming an interest in the premises as tenant in common shall be entitled to possession.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

JAMES A. CAMERON, (ALPHON L. ANDERSON, guardian *ad litem,*) for appellant.

COVEY, CAMPBELL & COVEY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

John A. Hoffman and George A. Spurck were on January 19, 1921, owners in fee, as tenants in common, of 36.75 acres of coal land in Peoria county, Illinois. Spurck

302—16

claimed that he was entitled to an accounting from Hoffman for coal mined from the premises and for taxes paid by Spurck on the same. George Grigsby obtained a tax deed to the land in 1902, which was a cloud on the title of both Hoffman and Spurck, and the bill in this case alleged the deed was voidable on several grounds. Hoffman filed a voluntary petition in bankruptcy in the district court of the United States for the southern district of Illinois, northern division, and on February 8, 1921, was regularly adjudged a bankrupt by said court, and appellee, Edwin V. Champion, was elected and qualified as trustee in bankruptcy of the bankrupt estate and is now acting as such trustee. Said trustee was authorized by the United States district court, through an order entered by Harry A. Egolf, special referee in bankruptcy of said court, before whom the bankruptcy proceedings are and were pending, to file a bill in chancery in the circuit court of Peoria county for partition, accounting, for removal of a cloud and for other relief against Spurck and others. By said order the trustee in bankruptcy was authorized, in case of the sale of the real estate in partition, to consent that the circuit court of Peoria county, or the master in chancery thereof, might make sale of the interest in the real estate belonging to the bankrupt estate, in accordance with the laws of Illinois governing the sales of real estate in partition proceedings. The order of the referee recited and found the foregoing facts with reference to the title to the land; that the district court was without jurisdiction to compel Spurck to account; that it was without jurisdiction to remove the tax deed and partition the property, or to make a sale of the fee of the real estate as a whole in case it could not be partitioned; that it was in the interest of the bankrupt estate that the trustee in bankruptcy be authorized to file the suit for partition. On April 1, 1921, the trustee in bankruptcy filed his bill in the circuit court of Peoria county for partition and for an accounting and for removing the cloud from title, and set

up the foregoing facts in his bill by apt averments. He also alleged that he was seized of an undivided one-half interest in the premises subject to the inchoate right of dower of Sarah C. Hoffman, wife of John A. Hoffman, and that Spurck was seized of the other undivided one-half thereof. He made as defendants to his bill, Spurck, Sarah C. Hoffman and George Grigsby. Spurck, by Alfon L. Anderson, his guardian *ad litem,* filed a demurrer to the bill, and Grigsby also filed a demurrer to the same. Sarah C. Hoffman filed an answer admitting complainant's right to partition, subject to any right which she might have as wife of Hoffman. The court overruled both demurrers to the bill and entered a decree for partition, finding that the trustee in bankruptcy and Spurck were each entitled to an undivided one-half of the premises as tenants in common. Spurck has prosecuted this appeal and is represented in this court by Michael D. Spurck, his conservator.

It is contended by appellant that appellee, as trustee in bankruptcy, is not a tenant in common of the land in question with Spurck, and for that reason he cannot maintain his bill for partition. The cases of *Lindsay* v. *Runkle,* 82 Ohio St. 325, and *Hobbs* v. *Frazier,* 56 Fla. 796, are relied upon as authorities for this contention. In the former case the Supreme Court of Ohio seems to hold that a trustee in bankruptcy is not such a tenant in common as is recognized in partition proceedings but is simply a trustee of a tenant in common. It is, however, disclosed in the opinion that the trustee in that case did not disclose in his petition that the bankruptcy court had ordered or authorized him to come into a State court for any purpose, and it is stated in the opinion that it is not the duty of the court to entertain the suit of the trustee when it is inevitable that a conflict of jurisdiction will arise between the State and the Federal courts. It was apparently on the last ground that the court felt constrained to hold that the trustee was not entitled to demand partition in the Ohio court. In the latter case it

is also stated by the court that there was no showing by the trustee that partition was necessary or expedient to protect the rights of the trustee in bankruptcy or those whom he represented. The allegation of the trustee in that regard was simply that the trustee in bankruptcy "is desirous of obtaining a partition and division of the said premises." The court held that the statute of that State did not contemplate that partition might be enforced except when required by the demands or the interests of a beneficial owner or when shown to be necessary to protect the rights of those beneficially interested. The partition in that case was resisted by the defendant, as it is in the case now before this court, and the court held that in the absence of consent to partition by the other defendant, and in the absence of a showing of any necessity or expediency for the same, the right to partition should be denied.

In the case now before this court the showing is quite different from what it was in the cases that have just been considered. The allegations in the bill, as well as the findings by the referee in bankruptcy when the facts were presented on petition for leave to bring this suit, show that there was a necessity for just such a proceeding as this. The district court had no jurisdiction to entertain a bill for partition or for an accounting or to remove a cloud from the title to the land in question. It is evident that a sale by the trustee in bankruptcy of the land,—that is, the interest of the trustee therein,—would be greatly hampered by the various claims of Grigsby and Spurck, and in order that the trustee's interest might be sold to advantage it was necessary that such interest be declared and understood in the partition proceedings, and in case actual partition could not be made, that all interests in the premises be sold, the conflicting interests declared and the net proceeds from the sale of the trustee's half interest be turned over to him after Grigsby and Spurck were paid their claims. This the circuit court could do and we think rightly

consented to do, as the district court had waived its right to order sold the interest of the trustee in its incumbered condition, and had, in substance, requested the circuit court to take jurisdiction.

Under section 70*a* of the Bankruptcy act of 1898 the trustee of an estate in bankruptcy, on his appointment and qualification, is vested by operation of law with the title of the bankrupt as of the date he was adjudicated a bankrupt, with actual or constructive possession, except in so far as the property may be exempt. (*Acme Harvester Co.* v. *Beekman Lumber Co.* 32 Sup. Ct. 96; Collier on Bankruptcy,—9th ed.—998.) There is no sort of claim that the property in question was in any part exempt. The trustee takes just such title or interest in the bankrupt's property as the bankrupt had at the time of the filing of the petition, and is also invested with the rights of the bankrupt's execution creditors with respect to the property. (7 Corpus Juris, 133, and notes.) It has been many times decided by this court, as well as by the Supreme Court of the United States, that a trustee in bankruptcy takes the same title the bankrupt had when he was adjudicated a bankrupt. His title is that of a purchaser, as "purchase" means every mode of acquisition of estate known to the law, except that by which an heir, on the death of his ancestor, becomes substituted to his place as owner by operation of law. *Chicago and Eastern Illinois Railroad Co.* v. *Doyle,* 256 Ill. 514.

By the first section of our act on Partition it is provided that any one or more of the persons interested in land, tenements or hereditaments held in joint tenancy, tenancy in common or coparcenary, whether such right or title is derived by purchase, devise or descent, may compel partition thereof by a bill in chancery as heretofore. In order to maintain such a suit it is not necessary that the complainant claiming an interest in the premises as tenant in common should be entitled to the possession thereof. (*Scoville*

v. *Hilliard,* 48 Ill. 453; *Wells* v. *Wells,* 262 id. 320.) We think a trustee in bankruptcy may be regarded as a tenant in common with one who was a tenant in common with the bankrupt when the trustee was appointed and qualified, and that under the showing in this case the trustee was entitled to partition in case the land was divisible, or otherwise to a sale of the entire premises and to a division of the net proceeds, as prayed by him in his bill.

The contention of appellant that the trustee had an adequate remedy at law, under the Bankruptcy act, by a sale in the ordinary way authorized by the district court is not sustained by the showing in the record, as already disclosed.

The objections that the bill does not allege that complainant is in possession of the land and that the decree makes no finding of any cloud upon the title furnish no valid reasons for reversing the decree in this case. The right is established for all equitable relief prayed for in the bill by the showing that appellant was entitled to have the land partitioned. The bill was confessed on demurrer, and the rights of appellant on the accounting and the right of Grigsby under his tax deed are such matters as can be taken care of by the court after the commissioners who have been appointed by the court to make partition have reported.

Only two cases have been cited, and so far as we are aware there are no others, that hold that a trustee in bankruptcy, under similar showings as made in this record, is entitled to partition of land held by him. Those cases are *Harlin* v. *American Trust Co.* 67 Ind. App. 213, and *Rutherford* v. *Henery,* 59 How. Pr. 231. It is well said in the latter case that the trustee becomes the absolute owner of the entire estate for the purpose of distributing the same to all the creditors ratably. That is undoubtedly a correct statement, and such an ownership ought to be considered as sufficient to entitle the trustee to partition when the showing is made, as it is in this case, that the remedy fur-

nished by partition proceedings is necessary to enable the trustee to realize the full value of his ownership for the creditors, and which is the most effectual remedy, if not the only one, to secure to him adequate relief.

The decree of the circuit court is affirmed.

*Decree affirmed.*