CHARLES A. RENARD, As Trustee of Estate of HENRY VEST LANCASTER, Bankrupt, Appellant, v. EDWARD L. BUTLER ET AL. —30 S. W. (2d) 608.

Division One, July 9, 1930.

*Grant & Grant* for appellant.

*Frank J. Quinn* for respondents.

GANTT, J.—Suit in partition. The court sustained demurrers to the petition. On refusal to further plead, judgment was entered for defendants, and plaintiff appealed.

This is a companion case to ;Bock et al. v. Whelan et al., 30 S. W. (2d) 607. The parties to and the land involved in these partition suits are identical. The plaintiff trustee in bankruptcy in this case is a defendant trustee in bankruptcy in the Bock case.

On ruling the demurrers, the court held that appellant, under our partition statute, was without legal capacity to sue.

Appellant cites Byars v. Howe, 311 Mo. 14, 286 S. W. 43, as authorizing anyone interested to petition for partition. In that case the owners of a note secured by a deed of trust on land joined with tenants in common as plaintiffs in a petition for partition. The court sustained a demurrer to the petition on the ground that the owners of the note were not authorized to sue in partition. On appeal we ruled the trial court was in error, citing Larned v. Renshaw, 37 Mo. 458, l. c. 462, as conclusively disposing of the question. Our statute provides as follows:

"In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests." [Sec. 1995, R. S. 1919.]

The provision in this section that persons interested may sue clearly means persons interested as joint tenants, tenants in common or coparceners.

Now in the Larned case we had under consideration the right of an infant by guardian to sue in partition. After stating that the statute authorized joint tenants, tenants in common, or coparceners to sue in partition, we said: "The plain, obvious, and intelligible meaning of the act is, that persons interested may be

parties as petitioners. And where they all are competent to act, and are desirous of a division, no reasonable objection can be urged for this course of procedure. They voluntarily come into court, and submit themselves to its judgments; their rights and interests are regularly adjudicated by due course of law, and we are unable to perceive that any grievance or injustice can result therefrom."

In so ruling we did not have under consideration the right of a creditor with a lien to sue. No such question was presented. The language must be considered with reference to the facts of that case and in connection with the point ruled. The statement that persons interested may be parties as petitioners referred to persons interested as joint tenants, tenants in common or coparceners. The owners of the note were proper parties to the proceeding as defendants. The Byars case was not well ruled on this question, and to that extent is overruled.

We now consider the right of a trustee in bankruptcy to sue in partition. The primary purpose of the partition statute is a division of property. Whereas, the only purpose of the bankruptcy act is the collection of the assets of an estate and reducing them to money for distribution. Ample provision is made in the act for that purpose, and a trustee is not expressly authorized to sue in partition. He represents the bankrupt in holding title to the property for the benefit of creditors. On the other hand, he represents the creditors in collecting the assets of the estate and reducing them to money for distribution. He has no beneficial interest in the undivided property. In reducing the property for distribution he acts officially and not as a tenant in common. In other words, he officially represents the creditors who are not authorized to sue in partition. We do not think the trustee is a tenant in common within the meaning of our partition statute. The judgment should be affirmed. It is so ordered. All concur.