(134 So. 635)

### ROUSS et al. v. BLACKFORD.

### 6 Div. 807.

Supreme Court of Alabama.

May 14, 1931.

Roy McCullough, of Birmingham, for appellants.

H. A. Burns, of Birmingham, for appellee.

ANDERSON, C. J.

Section 9331 of the Code of 1923 authorizes the circuit court to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common.

A trustee in bankruptcy, under section 70 of the Bankruptcy Act (11 USCA § 110), gets the legal title to the estate of the bankrupt except as to exempt property. The trustee not only takes the title, but generally succeeds to all the rights and remedies that could have been resorted to by the bankrupt but for his bankruptcy. Champion v. Spurck, 302 Ill. 241, 134 N. E. 717; Cartwright v. West, 173 Ala. 198, 55 So. 917; 5 Cyc. 341. Having succeeded to the title and right of the bankrupt, he has the right to pursue such remedy given by statute in the state courts to reach and control the interest of the bankrupt estate in property owned jointly with others, especially where no such power or jurisdiction is given or exercised by the bankruptcy court. The bankruptcy court can, of course, direct and control the sale of the undivided interest of the bank-

rupt, but it might be beneficial to the bankrupt estate to have it first partitioned or to sell the whole estate in bulk rather than an undivided moiety. While the decisions on this subject are not numerous, the right to file a bill for partition or division by a trustee in bankruptcy has been sanctioned by the following cases. Champion v. Spurck, 302 Ill. 241, 134 N. E. 717; Harlin v. American Trust Co., 67 Ind. App. 213, 119 N. E. 20; Rutherford v. Hewey, 59 How. Prac. (N. Y.) 231.

The case of Lindsay v. Runkle, 82 Ohio St. 235, 92 N. E. 489, 29 L. R. A. (N. S.) 659, 137 Am. St. Rep. 781, was differentiated and rejected, if in conflict, by the Illinois and Indiana cases, supra, and we are in accord with these decisions.

The only other case that we find on this subject is that of Hobbs v. Frazier, 56 Fla. 796, 47 So. 929, 20 L. R. A. (N. S.) 105, 131 Am. St. Rep. 179, 16 Ann. Cas. 558. There are expressions in this opinion which would tend to deny the trustee the right to procure a partition, but the right to do so was in fact denied because the trustee had not brought himself within the requirement of the Florida statute as a condition to procure a partition.

The trial court did not err in overruling the appellants' demurrer, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.