JOSEPH E. ADELSON, Tr. *vs.* THOMAS H. MCKENNA *et als.*

DECEMBER 6, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J.   This is a bill in equity for partition and sale of real estate brought under chapter 381 of the general laws 1923 by Joseph E. Adelson, trustee in bankruptcy of the estate of Frederick A. McKenna, against Thomas H. McKenna, Kathryn McGough, the children of Stephen R. McKenna, deceased, the children of Mary L. O'Connor, deceased, and Alice L. McKenna, the widow of Peter McKenna, deceased, from whom these respondents and complainant's bankrupt derived their interests in said real estate.   Respondents demurred to the bill in the superior court and their demurrer was overruled.   They then filed an answer and a special plea, and the cause proceeded to trial on the pleadings and oral testimony.   At the conclusion of the hearing in said court, the trial justice dismissed the bill.   After the entry of final decree, the complainant appealed to this court.

The complainant contends that the trial justice erred in his decision dismissing the bill on the ground that a trustee in bankruptcy is not a proper party under the statute providing for the partition of real estate in this state. He admits that the point has not heretofore been considered by this court and that, in those states where it has been considered, the decisions are in conflict, but he urges that the weight of authority and the better reason favor the view that partition is maintainable by a trustee in bankruptcy in a state court, citing *Rouss* v. *Blackford*, 223 Ala. 24, 134 S. 635; *Harlin* v. *American Trust Co.*, 67 Ind. App. 213, 119 N. E. 20; *Champion* v. *Spurck*, 302 Ill. 241, 134 N. E. 717; *Rutherford* v. *Hewey*, 59 How. Prac. (N. Y.) 231.

These cases support the complainant's position, but it does not appear from any of them that the statute under which partition was sought is like the statute here or that it was sufficiently similar to make any difference one merely of phraseology. Indeed, in *Harlin* v. *American Trust Co.*, *supra*, it appears that the Indiana statute, section 1243, Burns, provides: "That any person holding lands as joint tenant, or tenant in common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act."

Our statute is not so broad. Section 2 of chapter 381, general laws 1923, provides as follows: "All joint tenants, coparceners and tenants in common, who now are or hereafter may be actually seized or possessed of any estate of inheritance in any lands, tenements or hereditaments, in their own right or in the right of their wives, may be compelled to make partition between them of such lands, tenements and hereditaments, by writ of partition or bill in equity." A fair reading of this language leads us to the conclusion that the legislature intended to exclude those who had merely the legal title but were not actually seized or possessed of any estate of inheritance in their own right or the right of their wives. If they had intended to include therein trustees as in Indiana they could very easily have

said so. Unless there are compelling reasons for us to do so, we should not by implication read into the statute what the legislature has not expressed.

What are the reasons advanced in the cases above cited? In *Rouss* v. *Blackford, supra,* which is the most recent of those cases, there appears to be no special reason given for the holding that the trustee in bankruptcy can maintain partition, other than the general statement that he not only takes title to the estate of the bankrupt but succeeds to all the rights and remedies that could have been resorted to by the bankrupt but for his bankruptcy. The court was content apparently with the statement of the law which it found in the earlier cases of *Champion* v. *Spurck, supra, Rutherford* v. *Hewey, supra,* and *Harlin* v. *American Trust Co., supra.* The last case, as above pointed out, involved a statute substantially different from ours, and the same appears to be true of *Champion* v. *Spurck, supra,* judging from the language of the opinion, wherein it is stated that any one or more persons "interested in land, tenements or hereditaments" may compel partition. The New York case of *Rutherford* v. *Hewey, supra,* was decided in 1880 by an intermediate court and the decision contains little more or any different reasoning than that advanced by the court in *Rouss* v. *Blackford, supra.*

The authorities cited against the complainant are *Hobbs* v. *Frazier,* 56 Fla. 796, 47 S. 929; *Lindsay* v. *Runkle,* 82 Ohio St. 325, 92 N. E. 489, and *Renard* v. *Butler,* 325 Mo. 961, 30 S. W. (2nd) 608. The Florida court in the first-mentioned case took the view that a trustee in bankruptcy was not such a party as was contemplated by the statute of partition in that state, and that it would be an unreasonable extension of the statute to include them.

In *Lindsay* v. *Runkle, supra,* the supreme court of Ohio held that the trustee in bankruptcy was not a tenant in common as recognized in partition proceedings but was merely a trustee of a tenant in common, and sustained the lower court's dismissal of the trustee's action of partition.

In a well reasoned opinion the court clearly points out the conflict of jurisdiction which could arise between the bankruptcy court and the state court if the trustee in bankruptcy was permitted to come into court as a party in partition proceedings. Before finally disposing of the matter before it, the court very pertinently said: "It is not our duty to entertain the suit of the trustee when it is inevitable that a conflict of jurisdiction will arise between the state and federal courts. The trustee may sell the estate of the bankrupt without partition, as before observed, with results less harmful than a complication of questions and interests likely to follow such an action for partition." We think that what was there expressed is very appropriate in reply to the plaintiff's contention in this case.

But were there no such conflict possible, we still are of the opinion that the trustee in bankruptcy has no standing in a partition proceeding under our statute. In our opinion such a trustee does not qualify under our statute because he is not actually seized or possessed of any estate of inheritance in his own right or the right of his wife. It is true that he holds the title of the bankrupt who was so seized and possessed, but he holds that title not as the bankrupt held it. He holds it merely as a medium of the bankruptcy court and for the purpose of disposing of it for cash for the benefit of the creditors. The beneficial interest is in the creditors and not in the trustee. Clearly this takes the trustee, as such holder of the bare legal title, out of the class of persons in contemplation by the legislature when, under section 2 of chapter 381, it restricted the right to compel partition to those who are actually seized or possessed of any estate of inheritance in any lands in their own right or in the right of their wives.

In *Renard* v. *Butler, supra,* the Missouri supreme court denied the right of a trustee in bankruptcy to maintain partition, and the court seems to have entertained the view which we have just expressed. It disposed of the entire question in the following language: "The primary pur-

pose of the partition statute is a division of property. Whereas, the only purpose of the bankruptcy act is the collection of the assets of an estate and reducing them to money for distribution. Ample provision is made in the act for that purpose, and a trustee is not expressly authorized to sue in partition. He represents the bankrupt in holding title to the property for the benefit of creditors. On the other hand, he represents the creditors in collecting the assets of the estate and reducing them to money for distribution. He has no beneficial interest in the undivided property. In reducing the property for distribution he acts officially and not as a tenant in common. In other words, he officially represents the creditors who are not authorized to sue in partition."

We are satisfied from our review of the authorities that the better reasoning supports the view that a trustee in bankruptcy cannot maintain an action of partition. Therefore, both on reason and on the strictness of the language employed by the legislature in framing our statute, we are of the opinion that the trial justice did not err in dismissing the complainant's bill.

The appeal of the complainant is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Robinson & Robinson*, for complainant.
*Rosenfeld & Hagan, C. Bird Keach*, for respondent.