Filed March 27, 1888.

---

. No. 12,969.

## COOPER ET AL. *v.* PERDUE ET AL.

VOLUNTARY ASSIGNMENT.—*Assignee May Pursue Note Fraudulently Transferred.*—The assignee of a debtor may pursue and make assets of a promissory note transferred by the assignor without consideration, and for the purpose of placing it beyond the reach of the assignee.

SAME.—*Pleading.—Deed of Assignment.*—The deed of assignment is not the foundation of the complaint and need not be made a part of it.

PROMISSORY NOTE.—*Partial Ownership.—Debtor and Creditor.*—Where, at the time a promissory note is executed, it is agreed by the payee that a third person shall have an interest therein to the extent of money previously loaned the payee, such person becomes the owner of the note to that extent, and may assert his interest against creditors of the payee.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. B. Mulky* and *J. F. Pittman,* for appellants.

ELLIOTT, J.—The appellants allege in their complaint that

they recovered judgments against Calvin R. Perdue; that executions were issued on the several judgments and returned no property found; that Wyatt W. Wick is indebted to Perdue in the sum of one thousand dollars, evidenced by a promissory note executed by Wick to him; that Perdue is insolvent; that the money due from Wick is subject to execution; that the note was assigned to Charles W. Royse by Perdue for the purpose of cheating and defrauding his creditors; that Royse placed the note in the hands of a partnership, known as the Bank of Salem. The case of the appellants was subsequently consolidated with one wherein Carmichael, the assignee of Perdue, was the plaintiff, and Wick and Royse were defendants.

The complaint of Carmichael is not against the appellants, and we can not perceive any reason upon which they can successfully attack it for the first time by the assignment of errors in this court.

The cross-complaint of Carmichael alleges that he is the assignee of Perdue, and gave bond and qualified as such assignee on the 5th day of June, 1885. That before that time Wick was indebted to Perdue on the note described in the appellants' complaint as therein alleged, and that he transferred it to Royse as charged by the appellants. This pleading is not a model, but we think that it is not subject to the objections urged by the appellants, and we shall consider those objections, and none others.

The assignee had a right to the relief sought, although he did not have possession of the note described. An assignee may recover property fraudulently conveyed, or he may reach funds in the hands of a fraudulent holder. It is not necessary that an assignee, who pursues money due his assignor on a promissory note fraudulently transferred, should have possession of the note before he sues, for, by bringing all the parties into court, he may obtain a decree that the money due on the note be paid to him.

The complaint of the appellants, as we have seen, charges

a fraudulent transfer of the note executed by Wick, and the cross-complaint also charges that it was transferred without any consideration and to prevent it from becoming assets in the hands of Perdue's assignee. We can not see upon what ground it can be justly said that the assignee may not make assets of the money due on a promissory note transferred without consideration, and for the purpose of placing it beyond the reach of the assignee entitled by law to all the property of the debtor subject to the claims of creditors. *Seibert* v. *Milligan*, 110 Ind. 106.

The deed of assignment is not the foundation of the pleading, and it was not necessary to make it a part of the complaint in such a proceeding as this, however it may be in other cases.

The cross-complaint filed by Emma Z. Perdue alleges that in January, 1881, she loaned to Calvin R. Perdue two hundred dollars, and that at the time the note was executed by Wick it was agreed that she should have an interest in that note to the extent of two hundred dollars, and that far own an interest in the note. This pleading is unquestionably good so far as the creditors of Calvin R. Perdue are concerned. Creditors can not, in any event, secure an interest in property or money greater than that of the debtor. *Blair* v. *Smith, ante,* p. 114. In this instance, the debtor's interest in the note was only in the amount left due after deducting the amount of the cross-complainant's interest.

We have considered the questions properly presented. Some of the questions argued are not properly presented, for there is nothing more than a general finding in the record. *Hutchinson* v. *Trauerman,* 112 Ind. 21.

Judgment affirmed.

Filed March 21, 1888.