Jewett, Trustee, *v.* Perrette *et al.*

Judgment reversed.

Filed Feb. 3, 1891.

---

No. 15,344.

## JEWETT, TRUSTEE, *v.* PERRETTE ET AL.

PARTITION.—*Action by Assignee in Insolvency.—Recording of Deed of Assignment.—Sufficiency of Allegation as to.*—In an action for partition by the assignee of an insolvent debtor, an allegation in the complaint that the deed of assignment was *duly* filed and recorded in the recorder's office of the county in which the assignor resided and in which the real estate is situated, shows a compliance with the requirement of section 2663, R. S. 1881, that the deed shall be filed with the recorder of the county in which the assignor resides within ten days after its execution, and be recorded as other deeds.

SAME.—*Deed of Assignment.—Exhibit.*—The deed of assignment is not the foundation of such action, and the assignee is not required to file a copy of the instrument with the complaint as an exhibit.

SAME.—*Action for.—Leave of Court.*—An assignee in insolvency can not maintain an action for partition as a matter of course. Unless he makes it appear that it will be to the interest of his trust to bring the action, and that he is acting under the direction of the court, his action will fail.

From the Floyd Circuit Court.

VOL. 127.—7

*C. L. Jewett,* for appellant.

*J. H. Stotsenburg, E. B. Stotsenburg* and *W. C. Utz,* for appellees.

BERKSHIRE, J.—Henry C. Perrette, an insolvent, executed a deed of assignment under the voluntary assignment statute to one Charles W. Keeley, who refused to execute the trust, and upon proper petition the appellant was appointed assignee and took upon himself the duties of the trust.

Before executing the deed of assignment the assignor was the owner of an undivided interest in certain real estate situated in Floyd county, the title to which was covered by the deed of the assignor.

This action was brought by the appellant to obtain partition of the real estate.

A demurrer was addressed to the complaint and sustained, and the appellant having elected to stand by his complaint without amendment, the court rendered judgment against him for want of a complaint.

The only error assigned is predicated upon the court's ruling in sustaining the said demurrer.

The complaint is in the ordinary form for partition of real estate, but the appellees contend that there was no error in the ruling of the court, because : 1. It is not alleged that the deed of assignment was filed for record in the recorder's office within ten days after its execution.   2. A copy of the deed of assignment was not filed with the complaint as an exhibit ; and, 3. An assignee of an insolvent debtor has no authority under the law to institute, and can not maintain, an action for partition.

The complaint alleges that the deed of assignment was duly filed and recorded in the recorder's office of Floyd county, Indiana, the county in which the assignor resided, and in which the real estate is situated.

We think this allegation broad enough to meet the requirements of the statute, which provides that the deed shall

be filed with the recorder of the county in which the assignor resides within ten days after its execution, and recorded the same as other deeds are recorded. Section 2663, R. S. 1881.

Unless filed within the time and in the manner required by law, the instrument would not be duly filed. As this is an action for partition the deed of assignment is not its foundation, and therefore the appellant was not required to file a copy of the instrument with the complaint as an exhibit. *Cooper* v. *Perdue*, 114 Ind. 207.

We are not of the opinion that the assignee of an insolvent debtor can, under no circumstances, maintain an action for partition, but it is our opinion that he can not do so as a matter of course.

It is made the duty of the assignee to sell the property as it comes to him, as soon as possible after filing the appraisement which the statute requires, after giving thirty days' notice of the sale in the manner provided for. Section 2671, R. S. 1881.

The statute does not seem to contemplate partition proceedings, but it is provided that the court shall have supervisory power over the estate of the assignor, and may make such orders in the premises as will be to the interest of those who are interested in the estate. Section 2671, *supra.*

No doubt if the assignee, by virtue of his trust, is a tenant in common of real estate, he may, upon a proper showing, obtain an order from the court to bring and maintain an action for partition, and this it is his duty to do whenever it will be found to be to the interest of the estate so to do. Sections 2671 and 2674, R. S. 1881.

But unless it is made to appear by the assignee that it will be to the interest of his trust to bring an action to sever the joint estate, and only then, by direction of the court, is he within the authority which the statute confers.

As it does not appear by the allegations of the complaint here involved that the assignee was acting under the direc-

tions of the court in bringing the action, and does not even appear that it will be to the interest of the trust to sever the common estate, we think the complaint is bad, and that the court committed no error in sustaining the demurrer thereto.

Judgment affirmed, with costs.

