(Hamilton County Common Pleas.)

THEODORE HORSTMAN, assignee in trust for the benefit of creditors, v. FRED RITTER.

An assignee in insolvency for the benefit of creditors may maintain an action in partition.

---

HOLLISTER, J.

The question raised by the demurrer to plaintiff's petition goes to the right of an assignee in trust for the benefit of creditors, who takes title for the purposes of his trust of an undivided interest in real estate, to maintain an action in partition. The petition is framed in the usual form under the code, with the additional allegation that "the court of insolvency of this county has authorized and approved the bringing of this action in partition as for the best interest of the estate."

Such doubts as may arise of the propriety of the proceeding growing out of the nature of a conveyance in trust for the benefit of creditors, and the operation of the laws and the decisions of the supreme court on the subject of the administration of estates of insolvent debtors will be resolved in favor of the plaintiff.

The partition statute, section 5754, Revised Statutes, provides that:

"Tenants in common and coparceners of any estate in lands, tenements of hereditaments within the state, may be compelled to make or suffer partition thereof * * *."

That an assignee might be com-

pelled to suffer partition can not be doubted. If so, it is difficult to see why he should not make it himself.

Express authority for the affirmative of the question may be found in the cases of Van Arsdale v. Drake, 2 Barb., 599; Gallie v. Eagle, 65 Barb., 583; Jewett v. Perette, 127 Ind., 97.

Demurrer overruled.

Wm. W. Pease for the demurrer.

Theo. Horstman contra.