NANCY E. HOBBS AND J. W. HOBBS, *Appellants*, v. JOSEPH W. FRAZIER AS TRUSTEE IN BANKRUPTCY FOR THE ESTATE OF J. W. HOBBS, *Appellees.*

1. A trustee in bankruptcy having legal title with no beneficial interest in undivided property and no duties with reference to the undivided property requiring partition for the benefit of a *cestui que trust* is not in general such a tenant in common as authorizes him to sue for partition.

2. The Federal bankruptcy statute contains no express authority to a trustee in bankruptcy to sue for partition of the property of the bankrupt, the title to which is by the law vested in the trustee in bankruptcy for the purpose of paying the debts of the bankrupt, and the nature of the trustee's power and duties does not necessarily make the right to sue for partition exist by implication. A sale of the bankrupt's interest may be made without partition, and this may be sufficient for debt paying purposes.

3. The statutes of the state do not contemplate that partition may be enforced except when required by the demands or the interests of a beneficial owner, or when shown to be necessary to protect the rights of those beneficially interested.

4. Where a trustee in bankruptcy sues for partition of property and merely alleges that he "is desirous of obtaining a partition and division of the said premises," and it does not in any way appear that partition is essential to the statutory duties of such trustee, or that the bankruptcy court has authorized the proceeding, or that it is necessary to fully protect the rights of those interested in the estate of the bankrupt, the right of the trustee in bankruptcy to sue for partition is not apparent.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*G. B. Wells,* for appellants.

*F. M. Simonton,* for appellee.

WHITFIELD, J.—Joseph W. Frazier as trustee in bankruptcy of the estate of J. W. Hobbs under the bankruptcy laws of the United States approved July 1, 1898, filed a bill against Nancy E. Hobbs, J. W. Hobbs and H. P. Porter for the partition of certain lands and personal property alleged to be owned and possessed in equal undivided shares by complainant as trustee in bankruptcy and the defendant H. P. Porter. It is alleged that the defendant Nancy E. Hobbs claims some interest in the premises, but that the complainant's interest as trustee in bankruptcy is superior thereto. A demurrer by J. W. Hobbs and H. P. Porter to the bill of complaint was overruled. Nancy E. Hobbs answered claiming to be the owner in fee simple of an undivided one-half interest in

the land.   J. W. Hobbs answered disclaiming any interest in the property.   Replications were filed to these answers.   Testimony was taken and a partition between complainant, as trustee, and Porter was decreed.   Nancy E. Hobbs and J. W. Hobbs appealed.

If the trustee in bankruptcy is not authorized to compel partition of lands which the bankrupt and another owned as cotenants or as partners, it will not be necessary to consider other questions.

At common law only co-parceners who desire their title by the involuntary method of inheritance could compel partition by judicial process.   Ancient English statutes extended the right to joint tenants and tenants in common and eventually to all cotenants whether of freehold or less estates in possession.

Under our statute any one or more of several joint tenants, tenants in common or co-parceners may compel partition by suit in equity.  The joint tenants, tenants in common and co-parceners contemplated by the statute are those who are in some way the owners of a beneficial estate in the land, or whose status and duties are of such a nature as require the exercise of the right to compel partition by judicial proceedings.   Joint tenants have unity of interest, title, time and possession.   Tenants in common may have unity of possession only.   Coparceners derive their title by inheritance.   A trustee in bankruptcy is not a coparcener.   Nor is he a joint tenant with the wife or the partner of the bankrupt.   A trustee having legal title with no beneficial interest in undivided property and no continuing duties with reference to the undivided property for the benefit of a *cestui que trust* is not in general such a tenant in common as authorizes him to sue for partition. A trustee with power to sell may not authorize partition.   1 Lewin on Trusts

(8th ed.) star page 427. See 1 Perry on Trusts, Sec. 769; Brassey v. Chalmers, 16 Beaven 223; Bradshaw v. Fane, 3 Drewry 534.

A statutory trustee has only such title and authority as is conferred by the law. The Federal bankruptcy law vests the trustee by operation of law with the title of the bankrupt, coupled with the duty to reduce to money the property of the estate for which he is trustee, under the direction of the court, and to close up the estate as expeditiously as is compatible with the best interests of the parties in interest. While this statutory provision vests the title of the bankrupt in the trustee, it is so vested only for the purpose of paying debts.

The power to sell is under the direction of the court, and the trustee has no authority with reference to the estate to which he has the statutory title except such as is expressly or impliedly given by the law.

There is no express authority given by the statute to a trustee to sue for partition of the property of the bankrupt the title to which the law vests in the trustee for sale to pay debts with, and the nature of the trustee's power and duties does not necessarily make the right to sue for partition exist by implication. A sale of the bankrupt's interest may be had without partition, and this may be sufficient for debt paying purposes.

Under the bankrupt law the trustee has "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to his (bankrupt's) property." The bankrupt's right to partition does not arise out of contract. Partition does not involve unlawful taking or detention of, or injury to property.

The bankruptcy law vests the title to the property of the bankrupt in the trustee in bankruptcy and requires the trustee under the supervision of the bankruptcy court

to reduce the property to money for debt paying purposes. The possession of one cotenant is the possession of all cotenants, when the rights of none are denied. If in this case Porter is in possession and denied the right of the trustee the latter having the legal title could bring ejectment to establish his right to possession. But as the title of the trustee is not denied by Porter, the possession follows the title and partition is not shown by any allegation in the bill to be necessary to a reduction of the property to money for purposes of paying debts, or that it will be advantageous to the interest of creditors to have partition thereof. There is no showing that partition is necessary or expedient to protect the rights of the trustee in bankruptcy or those whom he represents. The allegation is that the trustee in bankruptcy "is desirous of obtaining a partition and division of the said premises." The statutes of the State do not contemplate that partition may be enforced except when required by the demands or the interests of a beneficial owner, or when shown to be necessary to protect the rights of those beneficially interested. It is not shown that the interests of the beneficial owners here require partition. The defendants in the partition proceedings did not consent to the partition, but by demurrer questioned the trustee's right under the showing made by the bill to partition.

The bankruptcy law does not expressly authorize partition proceedings by the trustee of the bankrupt; and as such a proceeding is not shown here to be essential to the statutory duties of such a trustee; and no such duty appears to have been imposed by the bankruptcy court, the statute of this State relating to partition should not be unreasonably extended to cover trustees in bankruptcy who have the bare legal title but only special statutory duties to perform in connection with such title,

who have no beneficial interest in the estate of the bankrupt, and where there is no allegation that partition is necessary to fully protect the rights of those interested in the estate of the bankrupt.

The decree is reversed and the cause remanded.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.