GEORGE W. LANGFORD, JOHN W. BULLOCK and L. M. GER-
STEL, as Trustees in Bankruptcy of the Estate of Maude
E. Brickell, *Appellants,* v. BELLE G. BRICKELL, WILLIAM
B. BRICKELL, and wife, OLIVE B. BRICKELL, GEORGE M.
BRICKELL, and wife LIZZIE BRICKELL, FANNIE BRICKELL,
a widow, and JAMES B. BRICKELL, *Appellees.*

138 So. 75.

En Banc.

Opinion filed November 24, 1931.

*Burwell & Sibley* and *Carl T. Hoffman,* of Miami, for Appellants;

*H. Pierre Branning, Marshburn, Mendenhall & McDonald, Harold G. Jones* and *Harold C. Costello,* of Miami, for Appellees.

PER CURIAM.—A bankrupt, at the time of her adjudication as such, was a tenant in common with her brothers and sisters of a parcel of real estate. The appellants here are the trustees in bankruptcy. They filed a bill in the court below alleging that on February 5th, 1930, Maude E. Brickell was adjudicated a bankrupt,—that on said date she was seized of a 6/15 interest in certain property described in the bill of complaint as tenant in common with her brothers and sisters, the defendants in the court below, who each owned an undivided interest in said property. Partition was prayed for, but the Circuit Judge dismissed the bill after sustaining demurrers thereto. The appeal is from the decree of dismissal.

The bill of complaint contains allegations to the effect that the other tenants in common with the bankrupt were hostile and bitter toward the trustees in bankruptcy who represent the creditors of Maude E. Brickell, but no overt acts of hostility are disclosed or clearly shown to be in contemplation of the defendants.

In the center of the property sought to be partitioned there is located a family cemetery or burial ground of the Brickell family, because of which, it is averred an undivided interest in the property is not readily saleable, or

if saleable, that the sale would have to be made at a great sacrifice to the creditors of the bankrupt.

To support this conclusion of unsaleability as an undivided interest, it is charged that the co-tenants of the bankrupt will do all in their power to discourage the sale of the bankrupt's undivided interest, if sold that way, and to prevent such interest bringing an adequate price. Corroborative of this allegation is the averment that although the property is of the reasonable value of $120,000.00 that the bankrupt has scheduled her interest therein as of no value, and that the co-tenants will throw every legal obstacle in the way of recovery of possession, or partition of said property by any purchaser of an undivided interest therein; that all of the aforesaid facts are well known to the investing public and to those who might be interested in making a purchase of the bankrupt's interests in the property.

The bill discloses the fact that the trustees in bankruptcy have filed their petition with the referee setting forth the facts hereinbefore referred to, and that an order has been entered in the bankrupt court to the effect that it is necessary to protect the rights of the trustees and of the creditors, to partition the lands in which the bankrupt has an undivided interest before selling the interest of the bankrupt therein. It is alleged that the bill for partition is accordingly brought by the trustees in bankruptcy under the approval and by the direction of the bankrupt court.

In Hobbs v. Frazier, 56 Fla. 796, 47 Sou. Rep. 929, it was held by this court that the bankruptcy law does not expressly authorize partition proceedings by the trustees in bankruptcy. It was further held in that case that inasmuch as it was not shown by the pleadings that a partition proceeding was essential to the performance of the statutory duties of a trustee in bankruptcy under the circumstances there involved, and because it was not

shown that any duty to seek partition had been imposed upon the trustee in that case to seek partition, that the statutes of this State relating to that subject should not be unreasonably extended to cover trustees in bankruptcy who have bare legal title, but only special statutory duties to perform in connection with such title; who likewise have no beneficial interest in the estate of the bankrupt and where there is no allegation that partition is *necessary* to fully protect the rights of those interested in the estate of the bankrupt.

The case of Hobbs v. Frazier, *supra,* is reported in 16 Am. & Eng. Ann. Cases, 558, and in a note to the case there annotated and reported, the annotator on page 560, in commenting on and construing the holding in that case, says:

"The reported case appears to be the only decision upon the right of a trustee in bankruptcy, appointed by virtue of the Federal bankruptcy act to sue for a partition of property belonging to the bankrupt. The rule therein laid down is that as a trustee in bankruptcy is not expressly authorized by the act to sue for a partition of property belonging to the bankrupt, he cannot bring such an action where no order of the bankruptcy court has been obtained authorizing and directing the bringing of the action, or where it does not appear that such a proceeding is essential to the statutory duties of the trustee, as for the protection of the rights of those interested in the estate of the bankrupt. The decision of the reported case apparently leaves open the question whether such an action may be maintained where one or more of the above facts exist.''

The question now presented is whether or not the appellants, as trustees in bankruptcy, by procuring an order from the bankrupt court directing them to seek partition of the bankrupt's interest, and by alleging that because of the attitude of the co-tenants the undivided interest of the bankrupt will not bring an adequate price, have demonstrated a right to maintain their suit for partition in the

instant case, the question here raised being left open by the previous decision of this court just referred to.

A majority of the court are of the opinion that no such case has been made out.

The trustee in bankruptcy may, according to the law on the subject, sell the undivided interest of the bankrupt in the land, and convey such interest to the purchaser, who thus may become a tenant in common with the owners of the other interests, and who after he become such, can seek his own partition in the courts or voluntarily agree to a division without legal proceedings.

Whatever may be the rights of a trustee in bankruptcy to seek a partition of real estate under the present laws of this State under any circumstances, it is clear that the allegations of complainants' bill do not make out a case showing that partition is ''necessary to fully protect the *rights* of those interested in the estate of the bankrupt.'' Hobbs v. Frazier, *supra.*

Whatever is necessary to fully *protect* the rights of those interested in the estate of the bankrupt is not concluded by the adjudication of the bankrupt court that the trustees in bankruptcy will get more money for the bankrupt's interest if it is partitioned than they will if the interest is sold as an undivided one. It may be readily conceded that in any case a threat of partition with its attendant costs would make the *nuisance* value of the bankrupt's undivided interest materially rise in value from the standpoint of what might be realized from its forced sale, regardless of what it might be worth otherwise. The rights only of the creditors, represented by the trustees, would be subject to protection by partition, if partition is necessary for such protection under the rule referred to in our previous decision.

But the right of ''protection'' thus afforded cannot be enlarged into a right to interfere with and disturb the possession and enjoyment of the property by the other

tenants in common, merely because by so doing more returns will be realized for the benefit of the creditors of the bankrupt at the expense of the bankrupt's innocent co-tenants, than would be realized by selling the undivided interest without partition.

There is nothing in the present case to show that if partition is not shortly had a loss to the whole estate by waste or otherwise will be sustained or that a greater burden will be cast upon the trustees in bankruptcy in holding the property pending its sale, than would otherwise be the result, such as would be caused by the nonpayment of taxes assessed against the lands as a whole, thereby forcing all of such taxes to be paid by the trustees in bankruptcy in order to protect the ownership as a whole, instead of paying a proportionate part to protect the bankrupt's interest only, nor is there shown any other similar circumstances evidencing an absolute necessity for partition as a means of *protection*.

So without finally foreclosing our views on the question of whether or not there are any circumstances under which a trustee in bankruptcy can maintain a partition suit against co-tenants of the bankrupt, a majority of this Court hold the bill of complaint in the present case not to have been sufficient to show a right of partition as against the defendants who objected to it by their demurrer. And so holding we must affirm the decree of the court below, which, after sustaining the defendants' demurrers, dismissed the bill.

Decree affirmed.

WHITFIELD, ELLIS. TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.

BUFORD, C.J., dissenting: The appeal here is from an order sustaining demurrers and dismissing Bill of Complaint in a suit in partition filed by the appellants against the appellees.

The Bill of Complaint shows all the necessary jurisdictional facts. It shows that Maude E. Brickell was a bankrupt and that Langford, Bullock and Gerstell were properly appointed and qualified Trustees in Bankruptcy of the estate of the bankrupt. It seeks to subject to partition certain lands described in the Bill of Complaint of which it is alleged that Maude E. Brickell is a cotenant with the defendants named in the Bill and that Maude E. Brickell was prior to her adjudication in bankruptcy the owner and holder of an undivided 6/15 interest in and to the lands described. The Bill of Complaint alleges the interest possessed by each of the other defendants in the lands described. The Bill alleges that the complainants as Trustees in Bankruptcy of the bankrupt estate of Maude E. Brickell, by virtue of the bankrupt statutes, became and are vested by virtue of their appointment as Trustees in Bankruptcy of the bankrupt estate of Maude E. Brickell with an undivided title and interest in and to the lands described in the Bill and that they, as Trustees, are seized and possessed of an undivided 6/15 interest in the property described as tenants in common with the defendants named. It alleges that the Trustees are charged with the duty and vested with the power of disposing of all the assets of the bankrupt estate for the benefit of and for the protection of creditors of the bankrupt estate and are charged with the duty of selling and disposing of the 6/15 interest in the lands described for the purpose of procuring funds to be used in the payment of the bankrupt estate. It is then alleged:

"Your complainants, as Trustees in Bankruptcy of the bankrupt estate of Maude F. Brickell, allege that in the center of the above described property there is situated a family cemetery and burial ground of the Brickell family; that by reason of this fact an undivided interest in the above described property is not readily saleable, and the sale of the undivided interest in such property would not be advantageous to the estate of

the bankrupt of the beneficiaries thereof—the creditors —and that the sale of an undivided interest in the above described property would have to be made at a sacrifice and at a great loss to the beneficiaries of the bankrupt estate, and such a sale would work a detriment to the creditors of said estate.

Your complainants, as Trustees in Bankruptcy of the Bankrupt Estate of Maude E. Brickell, further allege that the other tenants in common of said property, as herein set forth, are the brothers and sisters of the bankrupt, Maude E. Brickell, to whose interest and title your complainants have succeeded, as herein set forth, and that the other tenants in common are very bitter and hostile to the creditors of the estate of Maude E. Brickell, and the beneficiaries thereof, and are very bitter and hostile to your complainants, as Trustees of said Bankrupt estate, and are very bitter and greatly opposed to any sale of the Bankrupt's interest in the above described property to which your complainants have succeeded as Trustees of said Estate, for the reason that the said property is the old homestead property of the Brickell family, though it has long since been relieved of its homestead encumbrance, and for this reason the other co-tenants will discourage and do everything within their power to prevent the sale of said undivided 6/15 interest in said property, and will do all in their power, as tenants in common or otherwise, to discourage the sale of said property, and to prevent its bringing an adequate price, and on account of their hostility to any purchaser thereof, will discourage purchasers from buying said undivided interest, or from paying adequate consideration therefor, and for this reason a partition is necessary to fully protect the rights of those interested in the estate of the bankrupt, and a partition of said property is necessary to fully protect the rights of the creditors of the estate of the bankrupt.

Your complainants, as Trustees in Bankruptcy of the Bankrupt Estate of Maude E. Brickell, further allege that the hostile attitude of the co-tenants of the above described property is well known, and would be by them made well known, to any purchaser or prospective purchaser of an undivided interest in said property,

and the said co-tenants would litigiously defend the possession to the above described property, and would throw every legal obstacle in the way of recovery of possession, or the partition of said property by any purchaser of an undivided interest therein, and these facts being well known to the investing public and those who might be interested in the purchase of said property, renders an undivided interest therein as held by your complainants as Trustees of said Bankrupt Estate, practically unsaleable, and in recognition of these facts the Bankrupt has scheduled this property as of no value, although the said property is situate upon Biscayne Bay and the Miami River within a few blocks of the center of the City of Miami, and is of the reasonable value of $120,000.00.

Your complainants, as Trustees in Bankruptcy of the bankrupt estate of Maude E. Brickell, having filed their petition before the Referee of said Court setting forth the facts herein set out, and the Referee having entered his order therein finds that it is necessary in order to protect the rights of the trustees and of the creditors and the interest of the bankrupt in said lands to partition it prior to the sale thereof, and that it would be detrimental to the estate of the bankrupt and to the interest of the creditors thereof for the Trustees to sell the undivided interest of the bankrupt in said land as an undivided interest before partition thereof, and that the partition of said land will be advantageous to the interest of and of benefit to the creditors of said estate, and is necessary and expedient to protect the rights of the trustees in bankruptcy and those whom the trustees represent, and the Referee did in said order direct and require the complainants, by reason of the facts herein and in said order set forth, to bring this bill for a partition of said property, for the benefit of the bankrupt estate and for the protection of the interest of the creditors thereof, a copy of said order is hereto attached, marked Exhibit C, and made a part hereof, the same as if it were set out herein in haec verba.''

Other allegations of the Bill are pertinent to bills of this character.

It may be said to be well settled that in the absence of special statutory regulation of the subject where a case is fairly brought within the law authorizing a partition either in a court of law or in a court of equity, the right of a co-tenant to partition is absolute. 47 C. J. 288 and cases there cited.

Section 3202 R. G. S., 4994 C. G. L., provides as follows:

"Suits for a partition of real estate shall in all cases be by bill in chancery, and all proceedings, except where herein otherwise provided, shall be as in other cases in chancery."

Section 3204 R. G. S., 4996 C. G. L., provides as follows:

"Such bill may be filed by any one or more of several joint tenants, tenants in common or coparceners, against their co-tenants, coparceners or others interested in the lands to be divided."

The Federal Bankruptcy Act, Section 110 U. S. Code annotated, provides in part as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except insofar as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trademarks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.'

In 7 C. J. 114, Section 187, the author says:

"In general. In addition to providing for the transfer of title to particular classes of property, the Bankruptcy Act, in general terms, vests the trustee with title to all property which, prior to the filing of the petition, the bankrupt could by any means have trans-

ferred, or which might have been levied upon and sold under judicial process against him. Accordingly, the title of the trustee is not limited to property which belongs absolutely to the bankrupt, but also exends to property which, by reason of state statutes, is considered as belonging to him as far as the rights of his creditors are concerned, or in which he has a transferable interest.''

The author cites abundant authorities to sustain the statement.

On page 224 of the same volume, section 345, the author says:

"The trustee is not the representative of the bankrupt, but of the creditors who are unsecured and who were such creditors at the time of the filing of the petition; and he holds title to the bankrupt's property in trust for the creditors and for the purpose of distribution among them.''

(Which statement is also sustained by ample authority.)

It has been observed that the bill of complaint in this case by clear allegations shows not only the expediency but a real necessity for resorting to partition to procure the best results for the creditors of the bankrupt estate and it further shows that this expediency and necessity has been duly presented to the bankrupt court and that the bankrupt court in the exercise of its authority has authorized and directed the trustees to institute and prosecute the suit in partition. The appellee here relies largely upon the opinion and judgment in the case of Hobbs et al. vs. Frazier, 56 Fla. 796, 47 Sou. 929, 131 Am. St. Rep. 179; and Lindsay vs. Runkel, 82 Ohio St. 325, 92 N. E. 489, 28 L. R. A. (N. S.) 659, to sustain the decree of the chancellor. It will be observed that in the case of Hobbs et al. vs. Frazier, the Court said:

"The possession of one co-tenant is the possession of all co-tenants, when the rights of none are denied. If in this case Porter is in possession and denied the right of the trustees the latter having the legal title could

bring ejectment to establish his right to possession. But as the title of the trustee is not denied by Porter, the possession follows the title and partition is not shown by any allegation in the bill to be necessary to a reduction of the property to money for purposes of paying debts, or that it will be advantageous to the interests of creditors to have partition thereof. There is no showing that partition is necessary or expedient to protect the rights of the trustee in bankruptcy or those whom he represents."

From the above, it will be seen that that case must be differentiated from the one at bar. Here it has been made to appear that partition is both expedient and necessary to protect the rights of the trustees in bankruptcy, or those whom he represents. In that case it is also said:

"The bankruptcy law does not expressly authorize partition proceedings by the trustee of the bankrupt; and as such a proceeding is not shown here to be essential to the statutory duties of such a trustee, and no such duty appears to have been imposed by the bankruptcy court, the statute of this State relating to partition should not be unreasonably extended to cover trustees in bankruptcy who have the bare legal title but only special statutory duties to perform in connection with such title, who have no beneficial interest in the estate of the bankrupt, and where there is no allegation that partition is necessary to fully protect the rights of those interested in the estate of the bankrupt."

This case may again be differentiated from that case by comparing the allegations before the court in this case and the above quoted statement of Mr. Justice Whitfield, who wrote the opinion in that case.

The case of Lindsay vs. Runkel, supra, may be in like manner differentiated from this case. In that case the court said, in regard to the trustees:

"He comes to the state court as a stranger to its jurisdiction, although he may resort to it to enforce his rights in certain cases. He says in his petition that he belongs to another jurisdiction, and gives the sign

by which he may be known, viz., he is trustee of a tenant in common who is a bankrupt. He does not disclose in his petition that the court of bankruptcy had ordered or authorized him to come into the state court, for any purpose; nor does he ask the state court to order a sale in either of the ways pointed out by the statute under which he was appointed and qualified.''

In this case the Bill of Complaint shows affirmatively that the court of bankruptcy has ordered and authorized the trustees to come into the state court for the purpose of instituting and maintaining partition. There is no question of conflict of jurisdiction in this case because the Bill of Complaint shows that the trustees have been authorized and directed by the bankruptcy court to pursue the remedy of partition in the state court.

In American and English Annotated Cases following the report of the case of Hobbs et al. vs. Frazier, supra, there is an editorial note in which the opinion by Mr. Justice Whitfield is construed and we think the construction there enunciated is the proper one. It was as follows:

''The reported case appears to be the only decision upon the right of a trustee in bankruptcy, appointed by virtue of the Federal bankruptcy act, to sue for a partition of property belonging to the bankrupt. The rule therein laid down is that as a trustee in bankruptcy is not expressly authorized by the act to sue for a partition of property belonging to the bankrupt he cannot bring such an action where no order of the bankruptcy court has been obtained authorizing and directing the bringing of the action, or where it does not appear that such a proceeding is essential to the statutory duties of the trustee, as for the protection of the rights of those interested in the estate of the bankrupt. The decision of the reported case apparently leaves open the question whether such an action may be maintained where one or more of the above facts exist.''

In Harlin vs. American Trust Company, 119 N. E. Rep.

20, the Supreme Court of Indiana held contrary to the Florida decision, in the following language:

"Under Burns' Ann. St. 1914, #3252, whereby a wife's inchoate interest in her husband's lands, given her by sections 3014 and 3029, becomes absolute on a judicial sale thereof, when her interest is not directed by the judgment to be sold or barred by such sale, her interest becomes absolute and entitles her to partition as soon as his title is transferred by an adjudication to the trustees of his estate in bankruptcy, and before the trustee has made a sale thereof."

There have been two cases decided in other jurisdictions since the case of Hobbs vs. Frazier which appear to be pertinent here and we think enunciate the law as it should be applied to the facts in this case.

In Champion vs. Spurck, 302 Ill. 241, 134 N. E. 717, the Supreme Court of Illinois said:

"A state court rightly entertains suit for partition by a trustee in bankruptcy on a showing of necessity or expediency, the bankruptcy court, with no jurisdiction to entertain such a suit, having waived its right to sell the interest of the bankrupt in its incumbered condition, and in substance requested the state court to take jurisdiction.

Title of trustee in bankruptcy under Bankruptcy Act 1898 #70a (U. S. Comp. St. #9654), is that of a purchaser, relative to the persons who under Partition Act #1, can maintain suit for partition; 'purchase' meaning every mode of acquisition of estate other than by descent."

In Jewett vs. Perrette et al, 26 N. E. 685, the Supreme Court of Indiana said:

"We are not of the opinion that the assignee of an insolvent debtor can under no circumstances maintain an action for partition, but it is our opinion that he cannot do so as a matter of course. It is made the duty of the assignee to sell the property as it comes to him, as soon as possible after filing the appraisement which the statute requires, after giving 30 days notice of the sale in the manner provided for. Section 2671

Rev. St. 1881. The statute does not seem to contemplate partition proceedings, but it is provided that the court shall have supervisory power over the estate of the assignor, and may make such orders in the premises as will be in the interest of those who are interested in the estate. Id. No doubt, if the assignee by virtue of his trust, is a tenant in common of real estate he may, upon a proper showing, obtain an order from the court to bring and maintain an action for partition; and this it is his duty to do whenever it will be bound to be to the interest of the estate so to do.''

It appears to me that the bill of complaint alleges sufficient facts to entitle the appellants to pursue partition in the state courts and to maintain their action if the facts alleged are proven to exist.