401 A.2d 38.

Michael Costello *et al. vs.* John C. Ricci *et al.*

MAY 1, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

510

WEISBERGER, J. This case is before us on appeal by the plaintiffs from a judgment of the Superior Court upholding the validity of an ordinance imposing a charge for sewer use insofar as such charge is imposed upon those who utilize the sewer system. The Superior Court held invalid that portion of the ordinance which purported to impose a charge upon non-users. This latter ruling is not challenged in this appeal. Therefore we consider only the validity of the charge imposed upon users of the system.[1]

The North Providence Town Council on April 30, 1973, adopted an ordinance imposing upon users of the sewer system an annual charge of $25 per dwelling unit for both single and multiple residential structures, including apartment complexes. The charge imposed upon commercial structures was also a flat rate per business unit. Restaurants and cafes were charged on the basis of seating capacity. Buildings used for manufacturing and industrial operations were charged on a flowage basis. The parties filed in the Superior Court an agreed statement of facts which is set forth in pertinent part below:

"1. The petitioners are owners of real estate with buildings thereon in the Town of North Providence.

"2. Respondents are duly constituted and elected members of the City Council of said Town of North Providence.

"3. That on or about April 30, 1973 the members of said Town Council passed a 'sewer ordinance' pursuant to Rhode Island General Laws of 1956 4514-1 seq. as amended which ordinance sets forth an annual charge of $25.00 for both users and non-users of the sewer

---

[1]The portion of the ordinance held invalid is clearly severable from the remainder and therefore does not render the other portions of the ordinance invalid. See Kalian v. Langton, 96 R.I. 367, 192 A.2d 12 (1963); Prata Undertaking Co. v. State Board of Embalming & Funeral Directing, 55 R.I. 454, 182 A. 808 (1936).

system of said Town. Said charges are to be paid by owners of the real estate with buildings thereon.

"All residential dwellings are required to make a payment of $25.00 per year per house and all apartment complexes are required to pay $25.00 per apartment, all other commercial property are taxed on a so-called flow basis.

"4. The City of Providence assesses the Town of North Providence for sewer processing based on a flow basis.

"5. The Town of North Providence charges according to charges by the City of Providence and receives no profit.

"6. No public hearing was held concerning the passage of the 'sewer ordinance' and no advertisement was caused to be placed in any newspaper or advertised in any fashion. The 1950 Charter of North Providence has no requirement for advertisement for sewer charges."

No additional evidence was presented by either party.

The first argument raised by plaintiffs is that the sewer charge is in substance a tax and was levied without satisfying the conditions set forth in G.L. 1956 (1970 Reenactment) §45-3-12. The only appropriate response to this argument is that the sewer charge is not a tax and is governed by §§45-14-1, -3 which read in pertinent part:

"45-14-1. Power to assess charges against users. — In addition to such powers, privileges, prerogatives and authority as are now granted * * * in connection with the sewers or sewer systems thereof, each city and town is hereby authorized and empowered to enact ordinances assessing users of the sewers of sewer systems of the respective cities and towns, a charge for the use of

said sewers or sewer systems in such an amount as bears a reasonable relation to the cost to the city or town of the service rendered * * *."

"45-14-3. Use charges supplemental. — This chapter is not to be construed as revoking, altering or amending any provisions of law for sewer assessment now lawfully assessed by any city or town, but it is to be construed as authorizing a charge for the use of said sewers or sewer systems for disposal purposes, and in addition to all other sewer assessments now lawfully imposed by such city or town * * *."

The foregoing statute does not require prior notice or hearing. Further, the parties agree that no prior notice or hearing is required by the applicable provisions of the 1950 charter of the town of North Providence. Generally a sewer charge is not regarded as a tax. *Contractors & Builders Association* v. *City of Dunedin*, 329 So. 2d 314 (Fla. 1976); *Hartman* v. *Aurora Sanitary District*, 23 Ill. 2d 109, 117 N.E. 2d 214 (1961); *Veail* v. *Louisville & Jefferson County Metropolitan Sewer District*, 303 Ky. 248, 197 S.W.2d 413 (1946); *Opinion of Justices*, 93 N.H. 478, 39 A.2d 765 (1944); 11 McQuillan, *Municipal Corporations* §31.30a at 230 (3d ed. 1977) and cases cited therein. Therefore statutes relating to taxation are inapposite in the present case.

The second major argument raised by plaintiffs is that the sewer charge is unfair and discriminatory because the apartment units are charged a flat annual sum while industrial users are charged on a flow basis. There was no evidence introduced to support this contention, nor is there any portion of the agreed statement of facts which would buttress the assertion that the annual rate of $25 per apartment unit does not bear a reasonable relationship to the rendered service. In *State* v. *City of Miami Springs*, 245 So. 2d 80 (Fla. 1971), the Supreme Court of Florida upheld a minimum charge of $7 per month, per apartment against a challenge of unreasonableness and arbitrary classification. One who challenges an ordinance on grounds of unreasonable or

arbitrary classifications has the burden of sustaining this contention in the face of a presumption of reasonableness. *Newman* v. *Mayor of Newport*, 73 R.I. 385, 57 A.2d 173 (1948); *Boynton* v. *City of Lakeport Municipal Sewer District No. 1*, 28 Cal. App. 3d 91, 104 Cal. Rptr. 409 (1972); *Louisville & Jefferson Country Metropolitan Sewer District* v. *Joseph E. Seagram & Sons*, 307 Ky. 413, 211 S.W. 2d 122 (1948). The plaintiffs simply have not sustained this burden.

For the foregoing reason the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Hawkins & Hoopis, Harry J. Hoopis,* for plaintiffs

*Robert S. Ciresi,* Town Solicitor, for defendants.