Joseph Maraia  v. City of Cranston    CV-98-173-B    05/08/98

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Joseph Maraia, et al.</u>

        v.                          Civil No. 98-173-B

<u>City of Cranston, et al.</u>

<u>MEMORANDUM AND ORDER</u>

The plaintiffs in this class action pay sewer fees to the City of Cranston, Rhode Island.  They filed their complaint against the city and several of its officials in state court. The complaint concerns the city's agreement to lease its sewer facility to a private corporation in exchange for a $48,000,000 loan and other consideration.  Pursuant to the agreement, the city's sewer fee payers will be required to repay the loan and cover the corporation's costs of operating the sewer facility. Plaintiffs argue that the city is using the loan proceeds to pay debts unrelated to the operation of the sewer system.  They also claim that the city violated state and federal law by entering into the agreement and accepting the loan without first holding a

city-wide vote. Among other forms of relief, plaintiffs seek an injunction barring the city council from raising sewer fees to repay the allegedly illegal loan.

Defendants removed the case to federal court relying on the fact that the compliant contains claims based on federal law. See 28 U.S.C.A. § 1441(b) (West 1994). Plaintiffs now seek to have the case remanded. Their primary argument is that the Tax Injunction Act ("TIA"), 28 U.S.C.A. § 1341 (West 1994), deprives the court of subject matter jurisdiction.

**I.**

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. The Act constitutes a jurisdictional bar to claims that fall within its scope. Cumberland Farms, Inc. v. Tax Assessor, 116 F.3d 943, 945 (1st Cir. 1997). Accordingly, a removed case must be remanded to state court if the claims on which federal jurisdiction is based are subject to the TIA. See Bank of New England Old Colony, N.A. v. Clark, 986 F.2d 600, 604 (1st Cir. 1993) (affirming remand of removed case based on Tax Injunction Act).

Two conditions must be present before the TIA will deprive a federal court of subject matter jurisdiction: first, the jurisdictional claim must seek to "enjoin, suspend or restrain the assessment, levy or collection of a tax"; second, a "plain, speedy and efficient remedy" for the alleged violation must be available in state court. 28 U.S.C.A. § 1341; Cumberland Farms, 116 F.3d at 945. As I explain below, I cannot determine whether the Act applies in this case because the record is insufficient to permit a reliable determination as to whether Cranston's sewer fee constitutes a "tax."

Plaintiffs have failed to offer any evidence or argument to support their assertion that Cranston's sewer fee is a tax under the TIA, and defendants rely exclusively on a Rhode Island Supreme Court ruling that addresses the issue of whether a sewer fee is a tax in a very different context.[1] Costello v. Ricci, 121 R.I. 509 (R.I. 1979). However, since the question of what

---

[1] Rhode Island General Laws § 45-3-12 (1991) establishes certain procedural requirements that must be met before a town can dispose of land or impose a tax. The plaintiffs in Costello argued that a town could not impose new sewer fees without complying with these procedural requirements. In rejecting this argument, the court relied on the fact that the legislature had passed a separate authorizing statute for sewer fees. See, e.g., R.I. Gen. Laws § 45-14-1; 121 R.I. at 511-12. The court buttressed its conclusion by noting that other states generally do not regard a sewer charge as a tax. Id. at 512

constitutes a tax under the TIA is a matter of federal law, Trailer Marine Transp. Corp. v. Rivera Vazquez, 977 F.2d 1, 5 (1st Cir. 1992), the Rhode Island Supreme Court's discussion of the subject in a very different context is of limited value in resolving the issue presented in this case.

The First Circuit Court of Appeals has observed that it is often difficult to distinguish exactions that qualify as a tax under the TIA from those that do not. Cumberland Farms, 116 F.3d at 946; Trailer Marine Transp., 977 F.2d at 5; San Juan Cellular Tel. Co. v. Public Serv. Comm'n of Puerto Rico, 967 F.2d 683, 685 (1st Cir. 1992). Among the factors that may prove to be helpful in making this distinction in this case are: (1) whether the fee is designed primarily to raise revenue rather than to serve a regulatory function or to defray the cost of a service; (2) whether the fee is assessed against only the users of the service; (3) whether the amount of the fee is determined based on usage; (4) whether the service for which the fee is assessed benefits the general public; and (5) whether the proceeds generated by the fee are deposited into a general fund. See generally, Cumberland Farms, 116 F.3d at 946; Trailer Marine Transp., 977 F.2d at 5; San Juan Cellular, 967 F.3d at 686; see also Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir.

1998); <u>Collins Holding Corp. v. Jasper County</u>, 123 F.3d 797, 800 (4th Cir. 1997); <u>Hager v. West Peoria</u>, 84 F.3d 865, 870 (7th Cir. 1996).

As I cannot determine on the present record how, if at all, these or other factors may affect the resolution of this question, I deny the plaintiffs' motion to remand without prejudice insofar as it is based on the TIA. On or before June 15, 1998, plaintiffs shall file a motion for summary judgment addressing the applicability of the TIA. Said motion shall be supported by affidavits or other materials that satisfy the requirements of Fed. R. Civ. P. 56(e). Discovery on matters unrelated to this issue shall be stayed until further order of the court.

## II.

Plaintiffs also argue that a remand is warranted for several other reasons. As I explain below, the arguments are devoid of merit.

### A.

Plaintiffs argue that the court lacks subject matter jurisdiction even if the TIA is inapplicable. As plaintiffs have pleaded nonfrivolous claims based on federal law, the court has

subject matter jurisdiction over these claims pursuant to 28 U.S.C.A. § 1331 (West 1993). It also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 (West 1993). Further, removal was warranted pursuant to 28 U.S.C.A. § 1441(b) as the complaint contains claims arising under federal law.

### B.

Plaintiffs assert that the court should remand the case to state court pursuant to 28 U.S.C.A. § 1441(c). Where, as in this case, a federal claim is properly removed pursuant to 28 U.S.C.A. § 1441(b), the court lacks discretion to remand said claim pursuant to § 1441(c). Further, plaintiffs' state law claims cannot be remanded pursuant to § 1441(c) because they are not "separate and independent."

### C.

Plaintiffs contend that abstention is required pursuant to Younger v. Harris, 401 U.S. 37 (1971), and its progeny. The simple answer to this claim is that Younger abstention is unwarranted because no related state judicial or administrative proceedings are pending which could be adversely affected by any rulings that I may make in this case. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996)

(related state judicial or administrative proceedings addressing important state interests must be pending in order to justify Younger abstention).

**D.**

Plaintiffs' final argument is that abstention is required under Buford v. Sun Oil Co., 319 U.S. 315 (1943), and its progeny. I reject this argument because this case does not implicate matters that are subject to the type of complex state scheme of administrative regulation that was at issue in Buford. See FDIC v. Sweeney, 136 F.3d 216, 219 (1st Cir. 1998).

**III.**

In conclusion, I deny the motion to remand. Plaintiffs shall file a motion for summary judgment addressing their claim that the TIA deprives the court of subject matter jurisdiction on or before June 15, 1998. Discovery on issues unrelated to the TIA shall be stayed until further order of the court.

SO ORDERED.

Paul Barbadoro
Chief Judge

May 8, 1998

cc: Joseph Cavanaugh, Esq.
    Kevin McKenna, Esq.
    William Landry, Esq.
    Clerk, USDC - R.I.