**Supreme Court**

No. 2012-207-Appeal.
No. 2012-210-Appeal.
(KB 11-1434)

Commerce Park Associates 1, LLC, et al.    :

v.    :

Monique Houle, in her capacity as Tax    :
Collector of the Town of Coventry et al.    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2012-207-Appeal.
No. 2012-210-Appeal.
(KB 11-1434)

Commerce Park Associates 1, LLC, et al.    :

v.    :

Monique Houle, in her capacity as Tax    :
Collector of the Town of Coventry et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  These consolidated cases came before this Court on cross-appeals from a judgment of the Superior Court granting the defendants' motion to dismiss the plaintiffs' complaint for failure to exhaust administrative remedies and denying the defendants' request for sanctions against the plaintiffs.  In the first of these cases, the plaintiffs claim that the hearing justice erred in granting the defendants' motion to dismiss because the appeal process set forth in G.L. 1956 § 44-5-26 is not applicable to sewer assessments.  In their cross-appeal, the defendants contend that their request for sanctions against the plaintiffs should have been considered and granted by the hearing justice because of the plaintiffs' various duplicative and frivolous filings.  For the reasons set forth in this opinion, the judgment of the Superior Court is vacated in part and affirmed in part.

# I

## Facts and Travel

These consolidated cases concern only one of a series of substantially similar cases[1] which have been filed by one or more of the plaintiffs involved in this appeal challenging the legality of sewer assessments assessed by the Town of Coventry (defendants or Coventry).[2]

The plaintiffs, Commerce Park Associates 1, LLC; Commerce Park Associates 2, LLC; Commerce Park Associates 6, LLC; Commerce Park Associates 13, LLC; Commerce Park Properties, LLC; Commerce Park Realty, LLC; Commerce Park Realty 2, LLC; and Commerce Park Management, LLC (collectively plaintiffs or Commerce Park) are all limited liability entities in the state of Rhode Island and managed by Nicholas Cambio, Vincent Cambio, and Melissa Faria. The plaintiffs own real property in Coventry, known as the Centre of New England. The sewer assessments for the Centre of New England properties are at the heart of this appeal.

On or about October 18, 2011, Commerce Park received notices of sale of their properties for nonpayment of sewer assessments from Coventry. The notices indicated that the nonpayment of the sewer assessments would result in a tax sale process, scheduled for January 24, 2012.

Thereafter, on November 29, 2011, Commerce Park filed suit in the Kent County Superior Court, seeking declaratory and injunctive relief challenging the legality of the sewer

---

[1] See, for example, Commerce Park Associates 1, LLC et al. v. Jean Carroll, in her capacity as Deputy Treasurer of the Town of Coventry, C.A. No. 07-1433; Commerce Park Associates 1, LLC et al. v. Town of Coventry Sewer Assessment Board of Review et al., C.A. No. 08-262; Commerce Park Associates 1, LLC et al. v. The Town of Coventry et al., C.A. No. P.B. 11-6096. These other actions are not directly involved in the instant appeal. They are noted here to provide context for defendants' request for sanctions.

[2] The named defendants in the instant action are Monique Houle, in her capacity as tax collector of the Town of Coventry; Ted Przybyla, in his capacity as finance director of the Town of Coventry; the Town of Coventry; and the Sewer Authority of the Town of West Warwick (collectively defendants or Coventry).

assessments and enjoining Coventry from selling Commerce Park's properties for nonpayment of the allegedly unlawful sewer assessments. Commerce Park also filed a motion for temporary and permanent injunctions prohibiting Coventry from selling Commerce Park's properties at a tax sale. Commerce Park cites to certain agreements made between Commerce Park and Coventry, which they assert exempt Commerce Park from being required to pay the disputed sewer assessments on the Centre of New England properties—namely, an Economic Development Tax Incentive Agreement, a consent judgment in an appeal of certain enactments of the Coventry Zoning Code,[3] and an off-site improvement agreement.

The defendants filed a motion to dismiss arguing that the same issues were pending before the Superior Court in a duplicative action filed by Commerce Park and that Commerce Park had not followed the correct procedure in pursuing its appeal as laid out in § 44-5-26. The defendants also asked the Superior Court to determine whether the various Commerce Park filings had been made "in good faith" and "take such further action as it may deem appropriate in the circumstances," which both defendants and the hearing justice interpreted as a request for sanctions under Rule 11 of the Superior Court Rules of Civil Procedure.

The motion came before the Washington County Superior Court[4] for oral argument, and the hearing justice issued a bench decision on December 15, 2011. The hearing justice limited his consideration of the motion to dismiss to the four corners of the instant complaint, but he did note that another largely similar action was pending in the Kent County Superior Court[5] at the time. The hearing justice cited to several cases from this Court for the tenet that "[b]efore a

---

[3] That appeal was docketed as C.A. No. KC 03-444 and the consent judgment entered in favor of the plaintiffs, various Commerce Park entities, on February 25, 2004.

[4] The motion was heard on the Out County Business Calendar in Washington County, although docketed in the Kent County Superior Court.

[5] That case, Commerce Park Associates 1, LLC et al. v. Ted Przybyla, in his official capacity as Finance Director of the Town of Coventry, et al., was docketed as C.A. No. 07-1433.

- 3 -

taxpayer may proceed directly to the Superior Court[,] they [sic] must clearly show that their assessment was so palpably exorbitant and excessive as to amount to constructive fraud or to violate some constitutional principle." He went on to declare that "[i]t is clear to this [c]ourt that the plaintiff should have exhausted his administrative remedies before proceeding to this court to dispute the assessment of his property." The hearing justice cited a recent tax case of this Court, Narragansett Electric Co. v. Minardi, 21 A.3d 274 (R.I. 2011), to explain that the appeal process of § 44-5-26 "applies to all tax assessment cases." Accordingly, the hearing justice granted defendants' motion to dismiss due to plaintiffs' failure to follow the correct administrative appeal process. He further stated "the [c]ourt has determined it will not proceed on any applications for sanctions * * *." An order to that effect was entered on December 21, 2011.[6]

The plaintiffs filed a notice of appeal to this Court on December 28, 2011. The defendants filed a cross-appeal on the denial of their request for sanctions on January 3, 2012. The appeals were consolidated by this Court on January 9, 2013.[7]

On appeal, plaintiffs argue, first, that they have already exhausted their administrative remedies because they appealed Coventry's sewer assessments to the sewer assessment board of review and were denied.[8] The plaintiffs also argue that the appeal process in § 44-5-26 applies to annual real estate taxes but does not apply to Coventry's sewer "betterment" assessments.

The defendants contend, in turn, that the hearing justice erred in not considering the sanctions sought by Coventry in addressing the motion to dismiss. They assert that the numerous

---

[6] On the order, defendants' motion for sanctions was termed as "a prayer for an award of attorneys' fees," but "attorneys' fees" was crossed out and "sanctions" inserted in a handwritten substitution that was initialed by the hearing justice.

[7] During the pendency of these appeals, some of the plaintiff Commerce Park entities entered into receivership and a permanent receiver was appointed by the Providence County Superior Court. Accordingly, the receiver is now a party to these appeals.

[8] The plaintiffs' appeal of that denial by the sewer assessment board of review is docketed in the Kent County Superior Court as C.A. No. KM 08-262 and is currently pending.

- 4 -

duplicative filings made by the Cambio brothers through various Commerce Park entities were frivolous and have exposed Coventry to the risk of facing different legal results in different cases, all addressing the legality of the sewer assessments.

Additional facts will be provided as necessary to aid in the disposition of these cross-appeals.

## II

## Standard of Review

"[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." Minardi, 21 A.3d at 277 (quoting Laurence v. Sollitto, 788 A.2d 455, 456 (R.I. 2002)). "In reviewing a justice's decision on a * * * motion to dismiss, we apply the same standards as the motion justice." Burke v. Gregg, 55 A.3d 212, 217-18 (R.I. 2012). We confine our review to the complaint, examine the allegations contained therein, and view them in the light most favorable to the plaintiff. See id. at 218. "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts[.]'" Minardi, 21 A.3d at 278 (quoting Estate of Sherman v. Almeida, 747 A.2d 470, 473 (R.I. 2000)).

In addition, "this Court reviews a trial justice's decision to award or deny Rule 11 sanctions under an abuse-of-discretion standard." In re Briggs, 62 A.3d 1090, 1097 (R.I. 2013).

# III

## Discussion

### A

### The Motion to Dismiss

The plaintiffs contend on appeal that the hearing justice erred in granting defendants'

motion to dismiss for failure to exhaust administrative remedies because the tax appeal process

set forth in § 44-5-26[9] is not applicable to sewer assessments and because plaintiffs had followed

the appeal procedure established by Public Laws 1997, chapter 330, the act enabling the creation

of Coventry's sewer system (the enabling act).

We are of the opinion that the language of Coventry's sewer enabling act is central to this

case. The enabling act granted to Coventry the authority to construct, finance, and operate a

sewer system.[10] See P.L. 1997, ch. 330, § 1. The town council was permitted to establish and

construct a sewer system for the Town of Coventry and to "prescribe just and equitable sewer

assessment rates on account of the construction costs * * * and also rates of annual charge, on

account of operating and maintenance costs, to be levied against owners of property which is

connected to a common sewer." P.L. 1997, ch. 330, § 9. The enabling act further provided that

"all the annual charges and sewer assessments * * * shall be collected in the same manner that

taxes assessed on real estate are by law collected." Id. Section 19 of the enabling act established

---

[9] General Laws 1956 § 44-5-26(a) provides that "[a]ny person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town * * * may * * * file an appeal in the local office of tax assessment * * *. The taxpayer, if still aggrieved, may appeal the decision of the tax assessor to the local tax board of review * * *."

[10] The first version of the enabling act was passed by the General Assembly in 1970 by Public Laws 1970, chapter 175. It has been amended several times since then, most recently in 2006. The parties do not dispute that the version of the enabling act which is applicable to the instant matter is Public Laws 1997, chapter 330. Accordingly, all references to the Coventry sewer enabling act will be from the 1997 iteration of it.

a sewer board of review, consisting of members appointed by the town council, and set forth the following procedure for appeals of any assessments or charges levied by the town for the sewer system:

> "Within sixty (60) days after mailing of notice of an assessment or charges [for construction and maintenance of the sewer system] * * *, any person aggrieved by such assessment, charge or order may appeal to the sewer board of review.

> "The sewer board of review shall keep an accurate record of its proceedings which shall be available for public inspection.

> "If the board determines that such assessment[,] charge or order is unwarranted in whole or in part, it shall annul or modify the same and make such order as justice may require. Otherwise it shall affirm the same. Within thirty (30) days after the decision of the sewer board of review, any party aggrieved, which may include the council, may appeal to the superior court which shall have the same powers to annul, modify, enter further orders or affirm as the sewer board of review." P.L. 1997, ch. 330, § 19.

The hearing justice determined that plaintiffs were attempting to challenge the legality of sewer taxes and that accordingly their challenge must follow the administrative appeal process outlined in § 44-5-26. He cited to authority from this Court for the conclusion that "the taxing statute provide[s] the exclusive relief to any person aggrieved by any assessment of taxes against him in any city or town." He further determined that plaintiffs had not met the burden of establishing that they were challenging the legality of their taxes so as to permit them to proceed directly to the Superior Court under the taxing statute.[11]

We do not take issue with the hearing justice's conclusion that previous authority from this Court has definitively stated that the process set forth in § 44-5-26 is the exclusive remedy

---

[11] Section 44-5-27 provides that a person challenging an illegal tax against him or her may skip the process of appealing to the local assessor and proceed directly to the Superior Court by invoking the court's equity jurisdiction. See also Narragansett Electric Co. v. Minardi, 21 A.3d 274, 278 (R.I. 2011).

for any taxpayer challenging a local tax. We are convinced, however, that the process set forth in § 44-5-26 is not applicable to the instant case. This Court has previously noted that "sewer charges are not ordinarily to be considered a tax." Newport Court Club Associates v. Town Council of Middletown, 716 A.2d 787, 790 (R.I. 1998) (citing Costello v. Ricci, 121 R.I. 509, 512, 401 A.2d 38, 40 (1979)). In Costello, this Court considered annual sewer use charges levied by the North Providence Town Council and concluded that, because annual sewer use charges are generally not considered to be taxes, "statutes relating to taxation are inapposite in the present case." Costello, 121 R.I. at 512, 401 A.2d at 40. We recognize that the instant case is not limited to annual sewer use charges such as were at issue in Costello but also relates to sewer assessments for the construction of the sewer system. We believe, however, that this distinction is immaterial for the purposes of determining whether the taxing statute of chapter 5 of title 44 applies. Whether sewer assessments are applied to construction charges or to ordinary maintenance charges has generally not been viewed as a meaningful distinction. See 11 Eugene McQuillin, The Law of Municipal Corporations § 31:32 at 366-67 and 372-73 (Rev. 3d ed. 2010) (noting that sewer charges and fees are not ordinarily treated as taxes and that such fees may be used to defray construction costs and expenses).

We turn now to the language of the Coventry enabling act to determine if the sewer assessments levied by the town pursuant to the enabling act were, in fact, intended to be treated as taxes so as to fall within the purview of chapter 5 of title 44. We find it significant that the enabling act consistently refers to the means of raising funds in order to cover the cost of construction and maintenance of the sewer system as "assessments" and "annual charges," respectively. See P.L. 1997, ch. 330, §§ 1, 9. In particular, § 9 of the enabling act specifically distinguishes between the portion of the cost of construction and maintenance of the sewage

works which will be paid for by the town through its "general taxation" and the portion which will be paid for "by assessments and annual charges against individual parcels of property," such as the assessments being challenged by plaintiffs here. See P.L. 1997, ch. 330, § 9. Only once does the enabling act equate the assessments and charges levied by the town with taxes, in generally stating that unpaid sewer assessments or charges "shall be collected in the same manner that taxes assessed on real estate are by law collected." Id. We note that the fact that the General Assembly deemed it necessary to state that assessments and charges were to be treated as taxes for purposes of collection appears to indicate that the General Assembly recognized that the assessments and charges were not taxes for other purposes. See Retirement Board of the Employees' Retirement System of Rhode Island v. DiPrete, 845 A.2d 270, 279 (R.I. 2004) ("We presume that the General Assembly intended to attach significance to every word, sentence[,] and provision of a statute."). More significantly, § 19 of the enabling act, which established the process by which property owners may challenge sewer assessments levied upon them, does not include any reference to taxes in general or to the tax appeal process in chapter 5 of title 44. As a general rule, we will not read into a statute a requirement that the drafters omitted. Iadevaia v. Town of Scituate Zoning Board of Review, 80 A.3d 864, 875 (R.I. 2013); see also Woods v. Safeway System, Inc., 102 R.I. 493, 495, 232 A.2d 121, 122 (1967) ("Unless there are compelling reasons for us to do so, we should not by implication read into the statute what the [L]egislature has not expressed.") (quoting Adelson v. McKenna, 55 R.I. 363, 365, 181 A. 799, 800 (1935)). Accordingly, we decline to read into a simple statement of a right to appeal to the Superior Court an intention on the part of the General Assembly to mandate that sewer assessments and charges are to be treated as real estate taxes for appeal purposes or, more specifically, that appeals under § 19 of the enabling act, P.L. 1997, ch. 330, must follow the

process of § 44-5-26.  See generally 2A Sutherland Statutes and Statutory Construction § 46:6 at 251-52 (7th ed. Norman J. Singer 2007) (stating that, "where the legislature has employed a term in one place and excluded it in another, it should not be implied where excluded").  We conclude that the sewer assessments at issue in the instant matter are not taxes and that, accordingly, the tax appeal process in chapter 5 of title 44 is inapplicable.  We therefore hold that the hearing justice erred in granting defendants' motion to dismiss on the grounds that plaintiffs had not followed the § 44-5-26 tax appeal process.  We further hold that the appeal process set forth in § 19 of P.L. 1997, ch. 330 is the only process by which residents of Coventry may appeal any sewer assessments or charges levied by the town pursuant to its authority under the enabling act, including the assessments being challenged by plaintiffs here.

The plaintiffs argue that they have, in fact, already followed the correct procedure by bringing their claims to the Coventry Sewer Assessment Board of Review, as provided for in § 19 of P.L. 1997, ch. 330, and then by filing an appeal to the Kent County Superior Court in a petition docketed as C.A. No. KM 08-262.  Because we conclude that the hearing justice erred in finding that the process set forth in § 44-5-26 applied, we need not, and do not, reach the issue of whether plaintiffs' prior actions in filing suit in the Superior Court satisfied the requirements of the appeal process of § 19 of the enabling act, P.L. 1997, ch. 330.  On remand, we direct the Superior Court to conduct a hearing as to whether plaintiffs had already followed the correct procedure in their 2008 complaint and to determine what effect, if any, the pendency of the 2008 complaint should have on the disposition of the instant case.[12]

_____

[12] We note that the interests of judicial economy and efficiency appear to dictate that the various cases pending in the Superior Court between Commerce Park and Coventry related to the sewer assessments for the Centre of New England properties should, to the extent they remain viable causes of action, be consolidated into one action in order to resolve all outstanding issues between the parties.

# B

## Sanctions

The defendants take issue with the hearing justice's denial of their request for sanctions without hearing argument on the issue. In addition, defendants argue that plaintiffs have misused the judicial process by filing multiple suits in the Superior Court all making essentially the same argument, thereby exposing Coventry to the danger of different legal results in different cases on the same issue. The plaintiffs, in contrast, contend that the instant action was valid and necessary because they were entitled to seek injunctive relief to prevent the sale of their property.

Rule 11 grants trial courts considerable discretion in their decision to impose sanctions against attorneys for any violation of the rules. See Michalopoulos v. C & D Restaurant, Inc., 847 A.2d 294, 300 (R.I. 2004). "[T]his Court will not reverse a trial justice's imposition [or denial] of sanctions for a litigant's misconduct unless the trial court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." In re Briggs, 62 A.3d at 1098-99 (quoting Pleasant Management, LLC v. Carrasco, 918 A.2d 213, 217 (R.I. 2007)).

Here, the hearing justice summarily determined not to grant the defendants' request for sanctions. While the lack of a record on the issue of sanctions necessarily limits our ability to review it, we note that the hearing justice evinced an awareness of the pendency in Superior Court of the several other actions between these parties concerning sewer assessments, which constituted the basis of the defendants' request for sanctions. The defendants insist that the hearing justice erred in specifically limiting his consideration to the four corners of the instant complaint and thereby ignoring the other pending actions. We conclude that this argument lacks merit as his decision explicitly stated that the limited consideration was solely on the issue of the

- 11 -

motion to dismiss. The hearing justice did not specifically limit his decision on sanctions to the four corners of the instant complaint. We will not assume error on the hearing justice's part without any basis in the record. In addition, it was the hearing justice's prerogative to determine if further argument on the issue of sanctions was necessary. Moreover, we cannot conclude that he abused his discretion or was otherwise clearly wrong in declining to impose sanctions on the plaintiffs. Accordingly, we will not disturb the hearing justice's denial of the defendants' request for sanctions.

## IV

### Conclusion

For the reasons set forth in this opinion, the judgment of the Superior Court granting the defendants' motion to dismiss is vacated. We affirm the judgment of the Superior Court on the issue of sanctions. The papers in this case shall be returned to that tribunal for further proceedings consistent with this opinion.



**TITLE OF CASE:** Commerce Park Associates 1, LLC, et al. v. Monique Houle, in her capacity as Tax Collector of the Town of Coventry et al.

**CASE NO:** No. 2012-207-Appeal.
No. 2012-210-Appeal.
(KB 11-1434)

**COURT:** Supreme Court

**DATE OPINION FILED:** March 31, 2014

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:** Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiffs: Richard G. Riendeau, Esq.
Matthew W.J. McGowan. Esq.

For Defendants: Arthur M. Read, II, Esq.